DC-24-18871

**IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS**

**ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT**
**PO BOX 131385**
**DALLAS, TX 75313-1385**
**702-501-9639**
**RBRTBTST16@GMAIL.COM**



**I-162nd**

**Plaintiff,**

V.

**SANTANDER CONSUMER USA 036067583 8585**
**AUDI HENDERSON 030759652**
**EQUIFAX INC. 045812369**
**EXPERIAN CORPORATION 958051591**
**TRANSUNION 078578196**

**Defendant(s).**

§§§§§§§§§§§§§§§§§§§§§§§
[District Court Number]
[Judicial District]

## ORIGINAL PETITION FOR SECURITIES FRAUD, VIOLATION OF FCRA, FACTA, AND CLAIM FOR MISREPRESENTATION AND PEONAGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT, Plaintiff in the above-styled and numbered cause, and files this Original Petition against SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION, and in support thereof would respectfully show the Court as follows:

---

### I. DISCOVERY

1. Discovery Control Plan: Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure Rule 190.

---

### II. PARTIES

2. Plaintiff: ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT, a man receiving formal correspondence at PO BOX 131385, DALLAS, TX 75313-1385.

3. Defendant: SANTANDER CONSUMER USA, a corporation with a principal place of business located at **North Stemmons Freeway, Dallas, TX 75247.** 1601 ELM ST STE 800 DALLAS TX 75201

4. Defendant: AUDI HENDERSON, a corporation with a principal place of business located at **7740 Eastgate Rd, Henderson, NV 89011.**

5. Defendant: EQUIFAX INC., a corporation with a principal place of business located at **1550 Peachtree Street NW, Atlanta, GA 30309**.

6. Defendant: EXPERIAN CORPORATION, a corporation with a principal place of business located at **475 Anton Blvd, Costa Mesa, CA 92626**.

7. Defendant: TRANSUNION, a corporation with a principal place of business located at **555 W Adams St, Chicago, IL 60661**.

---

### III. JURISDICTION AND VENUE

4. Jurisdiction: This Court has jurisdiction over this matter because the claims arise under the Texas Securities Act, the Securities Exchange Act of 1934, the Fair Credit Reporting Act (FCRA), the Fair and Accurate Credit Transactions Act (FACTA), 18 U.S.C. § 1581, and Texas contract law. The amount in controversy exceeds $75,000.

5. Venue: Venue is proper in Dallas County because the transactions and violations at issue occurred in this county.

---

### IV. FACTUAL BACKGROUND

6. Facts:

a. Material Misrepresentations: On or about 10/07/2022, Santander Consumer USA issued a negotiable instrument to Plaintiff that was falsely represented as secured and valid under the original terms. This misrepresentation occurred as Santander altered the instrument without authorization by including an unauthorized allonge, in violation of Texas Uniform Commercial Code (UCC) § 3-104, which governs the validity of negotiable instruments.

b. Unauthorized Alteration: The alteration significantly modified the instrument's terms and obligations, misleading Plaintiff into believing it remained enforceable under its original conditions. This act violates UCC § 3-119, which prohibits unauthorized alterations of instruments.

c. Inducement into Financial Obligation: Based on these fraudulent misrepresentations, Plaintiff entered into and made payments on the altered negotiable instrument, effectively trapping him in a cycle of debt. This conduct constitutes fraud as outlined in Texas Penal Code § 32.46, which prohibits fraud in obtaining a signature to a document.

d. Debt Trap and Financial Servitude: As a result of Santander's actions, Plaintiff found himself in a situation of involuntary financial servitude, in violation of 18 U.S.C. § 1581, which prohibits peonage and debt slavery. The coercion to continue payments under false pretenses places Plaintiff in a vulnerable position, leading to severe financial distress.

e. Complicity of Credit Reporting Agencies: Equifax Inc., Experian Corporation, and TransUnion acted complicitly by failing to accurately report Plaintiff's credit information after being informed of the fraudulent nature of the instrument. Their negligence constitutes a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, which mandates that credit reporting agencies must provide accurate information. The agencies' failure to investigate disputes and correct misinformation further aggravated Plaintiff's financial harm.

f. Improper Use of Personal Data: Additionally, Equifax, Experian, and TransUnion unlawfully accessed and utilized Plaintiff's personal financial information without authorization, violating FCRA § 1681b, which outlines permissible purposes for accessing consumer reports. This unauthorized use led to further exploitation of Plaintiff's financial data.

g. Violation of FACTA: All defendants failed to adhere to the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c, by not properly securing and disposing of Plaintiff's financial information. This negligence facilitated the unauthorized alterations and misrepresentations that further placed Plaintiff at financial risk.

h. Emotional and Financial Damages: As a direct result of the combined fraudulent actions of Santander, Equifax, Experian, and TransUnion, Plaintiff has endured significant emotional distress and financial damages, which include loss of creditworthiness, unanticipated expenses for rectifying credit reports, and the psychological toll from being trapped in a fraudulent financial arrangement.

---

## V. CAUSES OF ACTION

### 7. **Securities Fraud**
Defendant violated the Texas Securities Act and Section 10(b) of the Securities Exchange Act of 1934 by:

a. Making false statements of material fact in connection with the negotiable instrument;

b. Omitting critical information regarding the unauthorized allonge that materially altered the instrument's terms and obligations, violating UCC 3-104 and UCC 3-119;

c. Engaging in a fraudulent scheme to manipulate the terms of the negotiable instrument, inducing Plaintiff into payments based on false pretenses;

d. Utilizing fraudulent indorsements to force Plaintiff into a continuing financial obligation that was never agreed upon, constituting a violation of securities laws.

### 8. **Misrepresentation of Negotiable Instrument**
Defendants engaged in fraudulent misrepresentation by:

a. Altering the terms of the negotiable instrument with an unauthorized allonge, in violation of UCC 3-119, and failing to disclose the changes to Plaintiff;

b. Falsely presenting the instrument as valid and enforceable under the original terms, while the allonge imposed new and burdensome financial obligations;

c. Inducing Plaintiff to make payments under the misrepresented instrument, constituting a violation of UCC 3-104 governing negotiable instruments.

### 9. **Enticement into Peonage**
Defendants actions resulted in a violation of 18 U.S.C. § 1581 & 18 U.S. Code § 1593A (Peonage and Debt Slavery) by:

a. Coercing Plaintiff into continued financial servitude using the fraudulent negotiable instrument, effectively placing Plaintiff into a state of debt slavery;

b. Depriving Plaintiff of the ability to renegotiate or terminate the financial obligation due to Defendant's fraudulent alteration of the instrument, resulting in involuntary servitude through economic coercion;

c. Engaging in deceptive practices that placed Plaintiff in a vulnerable financial position, violating both state and federal laws that protect against peonage and fraudulent financial manipulation.

10. **Violation of the Fair Credit Reporting Act (FCRA)**

Defendants violated the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) by:

a. Accessing and using Plaintiff's personal financial information without authorization or permissible purpose;

b. Failing to provide proper notice to Plaintiff of adverse actions based on unauthorized use of credit information;

c. Neglecting to safeguard Plaintiff's financial information, which led to further exploitation under the altered negotiable instrument.

11. **Violation of the Fair and Accurate Credit Transactions Act (FACTA)**

Defendants violated FACTA (15 U.S.C. § 1681c et seq.) by:

a. Failing to properly protect and dispose of Plaintiff's personal financial data during the course of the fraudulent financial transactions;

b. Misusing Plaintiff's credit information in connection with the altered negotiable instrument, violating the statutory protections provided by FACTA.

---

## VI. DAMAGES

12. **Damages**: As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered economic and non-economic damages, including:

a. All payments made under the fraudulent negotiable instrument, totaling $[Amount];

b. Emotional distress caused by the undue financial burden and the violation of Plaintiff's rights under 18 U.S.C. § 1581;

c. Damage to Plaintiff's financial reputation and credit standing due to the fraudulent use of Plaintiff's financial information;

d. Loss of financial opportunities and income that were otherwise available to Plaintiff;

e. Costs incurred to rectify the consequences of Defendant's fraudulent actions and the exploitation of the negotiable instrument.

---

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final hearing, Plaintiff be awarded the following relief:

1. Restitution for all payments made under the fraudulent negotiable instrument in the amount of $27,653.88;

2. Actual damages in the amount of $300,000;

3. Statutory damages under the Texas Securities Act, the Securities Exchange Act of 1934, FCRA, FACTA, and 18 U.S.C. § 1581;

4. Punitive damages for fraudulent misrepresentation, securities fraud, and violations of federal law;

5. Court costs and legal fees;

6. Pre-judgment and post-judgment interest as allowed by law;

7. Any other relief to which Plaintiff may be entitled.

---

## VIII. JURY DEMAND

13. **Jury Demand**: Plaintiff demands a jury trial and will pay the necessary jury fee.

DATED this 24 day of OCTOBER, 2024.
Respectfully submitted,

---

**ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT**
**PO BOX 131385**
**DALLAS, TX 75313-1385**
**702-501-9639**
**RBRTBTST16@GMAIL.COM**



WITHOUT RECOURSE
WITHOUT PREJUDICE
PAY TO THE ORDER OF
ROBERT ALLEN BAUTISTA
BY: _____ /Agent
----------------------------
Robert Allen Bautista/attorney-in-fact

EXHIBIT A

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Carol Stream, IL 60197

| | | | 0201 |
|---|---|---|---|
| Certified Mail Fee | $4.85 | $6.10 | 02 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $1.01

Total Postage and Fees $9.96

10/02/2024

Sent To AT&T MOBILITY
Street and Apt. No., or PO Box No. PO BOX 6416
City, State, ZIP+4® CAROL STREAM IL 60197-6416

PS Form 3800, January 2023 PSN 7530-02-000-9047  See Reverse for Instructions

---

Tracking #:
9590 9402 8671 3310 9191 50

9589 0710 5270 1132 2919 58

Total

Grand Total:

Debit Card Remit
Card Name: VISA
Account #: XXXXXXXXXXXX1741
Approval #: 95S001
Transaction #: 231
Receipt #: 049547
Debit Card Purchase: $9.96
Attn: A0000000a02a0  Contactless

$9.96

$9.96

$9.96

$9.96

$9.50

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SANTANDER CONSUMER USA
PO BOX 660633
DALLAS TX 75266-0633

9590 9402 8671 3310 9193 10

2. Article Number *(Transfer from service label)*
9589 0710 5270 1132 2919 29

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by *(Printed Name)* C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SEP 27 2024

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ all Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SANTANDER CONSUMER
PO BOX 660633
DALLAS TX 75266-0633

9590 9402 8671 3310 9191 74

2. Article Number *(Transfer from service label)*
9589 0710 5270 1132 2930 08

PS Form 3811 July 2020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by *(Printed Name)* Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 0 3 2024

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ all Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

 Santander Consumer USA          EXHIBIT B

October 10, 2024

Robert Allen Bautista
P.O. 131385
Dallas, TX 75313

**Re:     Robert Bautista**
        **Santander Account No.: \*\*\*\*8089**

P.O. Box 961245, Fort Worth, TX 76161-1245 • **www.SantanderConsumerUSA.com** • 888.222.4227

©2024 Santander Consumer USA Inc. All rights reserved

Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the
United States or other countries. All other trademarks are the property of their respective owners.

**⬥ Santander** Consumer USA

October 10, 2024

**Sent Via First-Class Mail**

Robert Allen Bautista
P.O. 131385
Dallas, TX 75313

**Re:    Santander Account No.: ****8089**

Dear Robert Allen Bautista:

Thank you for taking the time to submit your correspondence. We appreciate the opportunity to review this matter and provide a response.

The correspondence your provided is not acceptable for payment or payoff on the account.

We reviewed your account and determined that the assertions made in your correspondence are invalid. If you believe there is an issue with the servicing of the account, please provide specific details or documentation so that we may address any legitimate concerns. By signing the Contract, you fully accepted the terms and conditions therein.

Enclosed are copies of documents which validate the contractual obligation for the account, its status and balance owed.

If you have questions, please call us at 1-888-222-4227, Monday through Friday 7 a.m. to 6 p.m., Central Time.

Sincerely,

Santander Consumer USA Inc.

Enclosures:
Contract
Right to Cure
Payment History

SEE IMPORTANT CONSUMER NOTICES AT THE END OF LETTER

©2024 Santander Consumer USA Inc. All rights reserved
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the

**Santander** Consumer USA

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT
TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.**

**NOTICE:** TO THE EXTENT YOUR ORIGINAL OBLIGATION WAS DISCHARGED OR IS
SUBJECT TO AN AUTOMATIC STAY OF BANKRUPTCY UNDER TITLE 11 OF THE
UNITED STATES CODE, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND DOES
NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT OR TO IMPOSE PERSONAL
LIABILITY FOR SUCH OBLIGATION.

We may report information about your account to credit bureaus. Late payments, missed payments,
or other defaults on your account may be reflected in your credit report.

**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the
federal Fair Debt Collection Practices Act require that, except under unusual circumstances,
collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by
using threats of violence or arrest or by using obscene language. Collectors may not use false or
misleading statements or call you at work if they know or have reason to know that you may not
receive personal calls at work. For the most part, collectors may not tell another person, other than
your attorney or spouse, about your debt. Collectors may contact another person to confirm your
location or enforce a judgment. For more information about debt collection activities, you may
contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Notice of Credit Reporting:** As required by law, you are hereby notified that a negative credit
report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to
fulfill the terms of your credit obligations.

**UTAH RESIDENTS:** As required by Utah law, you are hereby notified that a negative credit
report reflecting on your credit record may be submitted to a credit reporting agency if you fail to
fulfill the terms of your credit obligation.

P.O. Box 961245, Fort Worth, TX 76161-1245 • **www.SantanderConsumerUSA.com** • 888.222.4227
©2024 Santander Consumer USA Inc. All rights reserved
Santander, Santander Consumer and the Flame Logo are trademarks of Banco Santander, S.A. or its subsidiaries in the
United States or other countries. All other trademarks are the property of their respective owners.



Santander Consumer USA, Inc.
P.O. Box 9105
Temecula, CA 92589-9105

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

2384054048

Send Payments to:
Santander Consumer USA
P. O. Box 660633
Dallas, TX 75266-0633

Send Correspondence to:
Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245

20231011-176

ROBERT BAUTISTA
4001 ryland street
Reno, NV 89502



RTC_GEN

LAW 553-NV-e 10/12

**SIMPLE INTEREST VEHICLE CONTRACT FOR SALE AND SECURITY AGREEMENT**

**SECTION A:**

| | |
|---|---|
| Buyer's Name(s):  ROBERT ALLEN BAUTISTA | CREDITOR: AUDI HENDERSON |
| Name: N/A | Address: 7740 EASTGATE ROAD |
| Address: 8276 NEBULA CLOUD AVE | City: HENDERSON                County: CLARK |
| City: LAS VEGAS          County: CLARK | State: NV                        Zip: 89011 |
| State: NV                Zip: 89131 | Phone: (702) 982-4600 |
| Bus. Phone: (702) 691-5400 | |
| Res. Phone: (702) 849-7387 | |

Stock No.: N/A _____ Salesman: N/A _____ Date: 10/07/2022

**SECTION B:      DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT.**

Your Payment Schedule will be:

(e) means an estimate

| Number of payments: | Amount of payments: | When payments are due: |
|---|---|---|
| 72 | $904.96 | Monthly beginning 11/17/2022 |
| One Final Payment Of | N/A | On  N/A |
| N/A | N/A | N/A |

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** | The cost of your credit as a yearly rate.  20.66 % | |
| **FINANCE CHARGE** | The dollar amount the credit will cost you.  $ 28,285.28 | |
| **Amount Financed** | The amount of credit provided to you or on your behalf.  $ 36,871.84 | |
| **Total of Payments** | The amount you will have paid after you have made all payments as scheduled.  $ 65,157.12 | |
| **Total Sales Price** | The total cost of your purchase on credit, including your down payment of $ 0.00  $ 65,157.12 | |

**INSURANCE AND DEBT CANCELLATION:** Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| | Premium: | Term: | Signature(s): |
|---|---|---|---|
| Credit life: | $ N/A | N/A | I want credit life insurance: X N/A |
| Joint credit life: | $ N/A | N/A | We want joint credit life insurance: X N/A    N/A |
| Credit disability: | $ N/A | N/A | I want credit disability insurance: X N/A |
| Credit life and disability: | $ N/A | N/A | I want credit life and disability insurance: X N/A |
| Joint credit life and/disability: | $ N/A | N/A | We want joint credit life and single disability insurance: X N/A    N/A |
| Debt cancellation coverage (GAP coverage) | $ 900.00 | 72 | I want debt cancellation coverage (GAP/coverage): X _[signature]_ |

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 6. If you get the insurance from the Creditor, you will pay $ N/A _____ and the term of the insurance will be _____ N/A _____

**SECURITY:** You are giving a security interest in the goods or property being purchased.

☐ If checked, you are giving a security interest in ___ N/A _____.

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged $15 or 8 percent of the payment, whichever is less.

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

This is not the Authoritative Copy.

**SECTION C: ITEMIZATION OF AMOUNT FINANCED.**

| | | |
|---|---|---|
| 1. Vehicle Selling Price | $ 29,777.00 | |
| Plus: Documentary Fee | $ 499.00 | |
| (This charge represents costs and profit to the dealer for items such as inspecting, cleaning, adjusting vehicles, and preparing documents related to the sale.) | | |
| Plus: Emissions Inspection Fee | $ 29.50 | |
| Plus: Other ( N/A ) | $ N/A | |
| Plus: Other ( N/A ) | $ N/A | |
| Plus: Other ( N/A ) | $ N/A | |
| Total Taxable Selling Price | | $ 30,305.50 |
| 2. Total Sales Tax | | $ 2,538.09 |
| 3. Amounts Paid to Public Officials | | |
| a. Titling Fee | $ 28.25 | |
| b. Registration Fee | $ N/A | |
| c. Other | $ N/A | |
| Total Official Fees (Add 3a through 3c) | | $ 28.25 |
| 4. Optional, nontaxable, fees or charges | | |
| a. To: AFS ROAD HAZARD    For: ROAD HAZARD | $ 1,701.00 | |
| b. To: N/A    For: N/A | $ N/A | |
| c. To: N/A    For: N/A | $ N/A | |
| d. To: N/A    For: N/A | $ N/A | |
| e. To: N/A    For: N/A | $ N/A | |
| f. To: N/A    For: N/A | $ N/A | |
| Total Optional, nontaxable, fees or charges (Add 4a through 4f) | | $ 1,701.00 |
| 5. TOTAL CASH SALES PRICE | | $ 34,572.84 |
| 6. Gross Trade In Allowance | $ N/A | |
| N/A    N/A    N/A    N/A | | |
| Year    Make    Model    VIN | | |
| Less Prior Credit or Lease Balance | $ N/A | |
| Net Trade In Allowance (If negative, enter 0 and see line 11a) | | $ 0.00 |
| 7. Down Payment (Other Than Net Trade-In Allowance): | | |
| a. Trade-In Sales Tax Credit | $ N/A | |
| b. Cash | $ N/A | |
| c. Manufacturer's Rebate | $ N/A | |
| d. Deferred Down Payment | $ N/A | |
| e. Other ( N/A ) | $ N/A | |
| Down Payment  (Add 7a through 7e) | | $ 0.00 |
| 8. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE (Add 6 and 7) | | $ 0.00 |
| 9. UNPAID BALANCE OF CASH SALES PRICE (Subtract 8 from 5) | | $ 34,572.84 |
| 10. Plus Optional Insurance and Debt Cancellation Charges* | | |
| a. Credit Life Insurance Premium | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| b. Credit Disability Insurance Premium | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| c. Debt Cancellation Coverage (GAP Coverage) | | |
| Paid to ( IAS GAP ) Term ( 72 ) | | $ 900.00 |
| d. Other Insurance | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| Total Optional Insurance and Debt Cancellation Charges (Add 10a through 10d) | | $ 900.00 |
| 11. Other Amounts Financed* | | |
| a. Prior Credit or Lease Balance | | |
| Paid to ( N/A ) | | $ N/A |
| b. MAINTENANCE | | |
| Paid to ( AUDI CARE ) | | $ 1,399.00 |
| c. N/A | | |
| Paid to ( N/A ) | | $ N/A |
| Total Other Amounts Financed (Add 11a through 11c) | | $ 1,399.00 |
| 12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) | | $ 36,871.84 |

*Seller may retain or receive a portion of this amount.

This is not the Authoritative Copy.

## SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.

This contract is made the _____7_____ (day) of _____OCTOBER_____ (month) of _____2022_____ (year), between you, the Buyer(s) shown on page 1 of 6, and us, the Seller shown as Creditor on page 1 of 6. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 6), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: **USED** _____ Year and Make: **2019 AUDI** _____

Series: **A4** _____ Body Style: **PREMIUM 40 TFSI** _____ No. Cyl.: **4** _____

If truck, ton capacity: **N/A** _____ Manufacturer's Serial Number: **WAUGMAF4XKA060641** _____

Use for which purchased:  ☒ Personal    ☐ Business    ☐ Agriculture
INCLUDING:

☐ Sun/Moon Roof        ☐ Cassette              ☐ Air-Conditioning      ☐ Tilt Wheel        ☐ Automatic Transmission    ☐ Vinyl Top
☐ Power Steering       ☐ Compact Disc Player   ☐ Power Door Locks      ☐ Cruise Control    ☐ Power Seats               ☐ AM/FM Stereo
☐ Power Windows

**GLACIER WHITE** Color _____ **N/A** _____ Tires _____ **N/A** _____ Lic. No.

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 6.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street **8276 NEBULA CLOUD AVE** _____ City **LAS VEGAS** _____

County **CLARK** _____ State **NV** _____

Your address after receipt of possession of Collateral:

Street **8276 NEBULA CLOUD AVE** _____ City **LAS VEGAS** _____

County **CLARK** _____ State **NV** _____

### Notice of Rescission Rights (Option to Cancel)

If the Buyer signs here, the notice of rescission rights on page 5 of 6 is applicable to this contract.

Buyer's signature X _~signature~_                            Co-Buyer's signature X **N/A**

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C are incorporated into this agreement for purposes of state disclosure requirements.

Additional Terms and Conditions: The additional terms and conditions set forth in this contract are a part of this contract and are incorporated herein by reference.

OPTION: **N/A** You pay no Finance Charge if the Total Amount Financed, Item No. 12, Section C, is paid in full on or before the _____ **N/A** _____ (day) of _____ **N/A** _____ (month) of _____ **N/A** _____ (year).

SELLER'S INITIALS: _____ **N/A** _____

This is not the Authoritative Copy.

[X] If checked, you agree to use electronic records and electronic signatures to document this contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local law and regulations.

UPON ENTERING INTO THIS CONTRACT, YOU WILL RECEIVE A PAPER COPY OF THE ORIGINAL CONTRACT ELECTRONICALLY SIGNED AND COMPLETE WITH ALL TERMS, CONDITIONS AND DISCLOSURES TO TAKE WITH YOU.

### NOTICE TO BUYER

**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you pay the amount due before the scheduled date of maturity of the indebtedness and you are not in default in the terms of the contract for more than 2 months, you are entitled to a refund of the unearned portion of the finance charge. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 3 of 6, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish:

Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo en la pagina 3 de 6, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.

LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACION CONTARIA EN EL CONTRATO DE VENTA.

**BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN PAPER COPY OF THIS CONTRACT AND THE DISCLOSURE ON PAGE 4 OF 6 AT THE TIME OF SIGNING.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C.

Buyer: **X** _____ Date: 10/07/2022  Co-Buyer: **X** N/A _____ Date: N/A

Creditor: AUDI HENDERSON _____ Date 10/07/2022  By: **X** _____ Title: Finance Manager

This is not the Authoritative Copy.

---

## ADDITIONAL TERMS AND CONDITIONS

**Simple Interest Contract:** This is a simple interest contract. The Finance Charge, Total of Payments and Payment Schedule set forth in the disclosures on page 1 of 6 may differ. The final payment may differ depending upon the dates payments are received and events which occur after this contract is made. For example, early payments will have the effect of reducing your final payment, while late payments will cause your final payment to be higher. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums due under this contract, even if the amount of the final payment differs from the amount of final payment disclosed on page 1 of 6 of this contract.

**Default:** If you default in the performance of this agreement, because (1) you fail to make a payment later than 30 days past the date required by the agreement, or (2) the prospect of payment, performance or realization of collateral is significantly impaired (the burden of establishing the prospect of significant impairment is on the Seller), we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable, (2) file suit against you for all unpaid sums, and (3) take immediate possession of the vehicle. Upon taking possession of the vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any sale. The proceeds of the sale will be applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to the unpaid sums owing under this contract. Attorney's fees and court costs are allowed too. If there is any money left over (surplus), it will be paid to you. If a balance still remains owing, you promise to pay that balance upon demand. If you default or breach this agreement, you agree to pay finance charges at the Annual Percentage Rate shown on page 1 of 6 until all sums owing us are paid in full. Our remedies are cumulative and taking of any action is not a waiver and does not prohibit us from pursuing any other remedy. You promise to pay reasonable collection costs and expenses, including attorney's fees, if you default under this agreement. If suit is filed, you agree that attorney's fees and costs will be awarded to the prevailing party. If the vehicle is repossessed, we may store personal property found in the vehicle for your account and at your expense and, if you do not claim property within 90 days after the repossession, we may dispose of the personal property in any manner we deem appropriate without liability to you.

**Delinquency and Collection Charges:** You will pay a delinquency charge equal to the lesser of $15 or 8 percent of any installment in default for more than 10 days. If you default as described in the preceding paragraph and we refer this contract for collection to an attorney who is not our salaried employee or a salaried employee of the holder of this contract, you will pay reasonable attorney's fees plus court costs, and reasonable collection costs to the extent not prohibited by law.

**Demand for Full Payment and Additional Remedies on Default:** If you default under this contract, at the time of the default or any time after default (if the default has not been cured previously) we may require immediate payment of the unpaid portion of the amount you owe us. If there is any money left over (surplus), it will be paid to you. On any default, we will have all the remedies of a secured party under the Uniform Commercial Code. If the cash price on page 2 of 6 is $1,000 or less, you will not be personally liable for any deficiency incurred in a sale after repossession.

**Ownership of the Collateral:** You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract to us and you further represent that you have executed no financing statement covering the Collateral except for one relating to this contract.

**Location and Use of Collateral:** You agree to notify us in writing of any change of your address or of any change in the location of the Collateral. Unless you first have received our written consent, you may not permanently take the Collateral out of the State shown in Section D in the section entitled "Address Where Collateral Will Be Located" and you may not sell, lease or otherwise dispose of the Collateral or any part of it by any means. You will comply with all laws, ordinances, regulations and orders relating to the Collateral. You will keep the Collateral in good condition and will not alter or substantially modify it or conceal it. You will not allow any other security interest on the Collateral besides the security interest granted to us under this contract.

**Taxes:** You are responsible for and will pay when due all taxes and assessments levied on the Collateral. If you fail to do so, we may pay any such tax or assessment on your behalf. An amount equal to that which we paid will be added to the Total of Payments then owing, and you will be charged a finance charge on the amount we paid at the highest lawful contract rate.

**Property Insurance:** You will keep the Collateral insured against such risks and in such amount as we may from time to time require with an insurer that you choose and we approve. As indicated in Section B, if you choose, we will obtain property insurance for you as at the premium shown. Whether the insurance is provided by you or by us, you will pay all premiums for this insurance when the premiums are due and payable. If you provide property insurance, you will deliver the policies to us as additional security and will provide us with receipts showing payment of premiums. If you do not obtain the insurance or pay the premiums, we may do so for you. If we do this, an amount equal to that which we have paid for the premiums will be added to the Total of Payments then owing and a finance charge at the highest lawful rate will be charged on that amount. If we do not obtain the insurance, none of our other rights and remedies will be prejudiced. You agree that any proceeds from insurance are to be used to either repair or replace the vehicle. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged or destroyed. If you default (as described on page 4 of 6), we may cancel the insurance and credit any insurance premium refunds to the unpaid balance of this contract.

## LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.

**Information to Insurance Company or Agent:** You give your permission to furnish any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

**Credit Life Insurance, Credit Disability Insurance and Debt Cancellation Coverage (GAP Coverage):** If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP coverage), or any combination thereof, you agree to pay for such insurance at the premium shown in Section B.

**NO WARRANTIES: THE SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS THE SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER AS THE ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF THE SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, THE SELLER ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.**

**Notices:** Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address shown in Section D in the section entitled "Your Address After Receipt of Possession of Collateral" at least 5 days before the event with respect to which notice is required unless we have actual knowledge of a change in your address and, in that event, the notice will be reasonable if we send it to the changed address.

**Time is of the Essence:** You understand that all payments that are required must be made on the day due.

**Exercising our Rights:** We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, or waive a right we have to one Buyer without waiving it as to the other(s).

**Meaning of Words:** In this contract the words "you" and "your" means each and all those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we," "us" and "ours" means the Creditor shown on page 1 of 6 in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

**Governing Law:** This contract has been delivered in the State of Creditor's place of business and will be governed by the laws of that State and applicable federal law.

**Invalidity:** Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

**Notice of Rescission Rights (Option to Cancel):** The provisions of this paragraph only apply if you have signed the notice of rescission rights on page 3 of 6 of this contract. (1) You agree to furnish the Seller any documentation necessary to verify information contained in your credit application. (2) You acknowledge that it may take a few days for the Seller to verify your credit and assign the contract. In consideration of the Seller agreeing to deliver the vehicle, you agree that if the Seller is unable to assign the contract to a Financial Institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller, the Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 20 days after the date of the contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract, to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed by you. You shall immediately pay all reasonable repair costs related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

## NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 3 of 6, federal regulation may require a special buyer's guide to be displayed on the window.

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

Assignment. Seller assigns this contract to another person ("Assignee"). That Seller will have no rights, privileges and remedies the Seller may assign

this contract electronically. Contact Assignee about this contract at _____ **SANTANDER CONSUMER USA** _____ (888) 222-4227 .

(Insert Assignee contact information)

Seller Signs: AUDI HENDERSON _____

By: _____

Title: Finance manager

To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: (a) the contract is genuine and the statements and amounts inserted herein are correct; (b) the contract and security interest arose entirely from the sale of the Collateral or services described in the contract, or both; (c) the down payment, if any as shown on page 2 of 6 of this contract, has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (d) the goods and services have been furnished to the satisfaction of Buyer and all obligations of warranty to Buyer, either express or implied, have been and will continue to be fulfilled by Seller; (e) the Collateral or services, or both, have been sold, provided and delivered to and accepted by Buyer; (f) the security interest granted to Seller in the contract constitutes a valid first lien on the Collateral and has been filed or recorded according to law to preserve the priority of each lien; (g) the Collateral is free and clear of all liens and encumbrances, except the security interest granted by this contract; (h) the full amount of the stated Total of Payments remains unpaid; (i) Seller is the holder of the contract and the security interest in the Collateral free and clear of all liens and encumbrances and Seller has full power and authority to assign the same; (j) the transaction was consummated on the above date set forth in the contract and Buyer did not receive possession of the Collateral prior to the date of consummation; (k) Buyer was furnished a completed copy of the contract prior to consummation; (l) the Collateral is insured with a company acceptable to Assignee against physical damage in addition to such other risks as Assignee requires under an insurance policy acceptable to Assignee; (m) Seller has not knowingly communicated to Assignee incorrect information relating to the Buyer's application or credit statement or knowingly failed to communicate information relating to such application or credit statement; (n) the facts set forth in the contract are true; (o) Buyer has no defense or counterclaim to payment of the obligation evidenced by the contract; (p) Buyer is or, if more than one, each is not a minor and has legal capacity to execute this contract and is liable thereon; and (q) Seller has no reason to believe the Buyer has ever violated any laws concerning liquor or narcotics.

In the event any warranty shall be breached or any representation shall be false, Seller shall, upon demand and irrespective of whether the contract is then in default, repurchase the contract from Assignee at a price equal to the unpaid balance of the contract plus accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect on the date of such demand by Assignee, plus any costs or expenses of collection, including attorney's fees, whether incurred by Assignee by suit or on appeal or otherwise. Seller waives all defenses that otherwise might have been available but nothing herein contained shall preclude Assignee from enforcing against Seller any other remedies provided by law for misrepresentation or breach of warranty. In the event of any proceedings commenced by Assignee against Buyer with respect to the contract, services or the Collateral, if Buyer asserts as a defense, setoff or counterclaim any act, omission or default by Seller, Seller shall forthwith on demand repurchase the contract for the amount set forth above. The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure the benefit of the successors and assigns of Assignee. The above assignment provisions apply and are in addition to any obligations of Seller as provided in the paragraph below endorsed by Seller.

**1. RECOURSE:** Seller absolutely and unconditionally guarantees the prompt payment of either the total unpaid amount of the contract and any accrued interest or such other amount agreed to by Seller and Assignee in a separate agreement, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this guaranty or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives any and all defenses arising out of the guarantor relationship.

Seller: _N/A_____ By: _N/A_____

Title:___N/A_____ Date: __N/A_____

**2. REPURCHASE:** In the event of default by the Buyer under any of the terms or conditions of the contract, Seller will repossess and repurchase the Collateral, or if the Collateral has already been repossessed, Seller will repurchase the Collateral at the place of repossession or recovery. The Collateral will be repurchased in any event AS IS, at a price equal to the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the default, together with all costs, expenses and reasonable attorney's fees incurred by Assignee in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives all other defenses that might otherwise have been available. At the time of repurchase, Seller shall pay to Assignee the purchase price in cash and Assignee may reassign to Seller without recourse and without warranties, express or implied, all title, retention or lien instruments and all contracts or promissory notes which Assignee then holds upon such Collateral.

Seller: _N/A_____ By: _N/A_____

Title: __N/A_____ Date: _N/A_____

**3. LIMITED ENDORSEMENT:** In the event of default of Buyer before Buyer shall have paid the first __N/A_____ installments under the foregoing contract, Assignee may reassign the contract to Seller and Seller agrees, upon tender of such reassignment and in consideration thereof to pay to Assignee either the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the reassignment, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and Seller waives any other defenses that might otherwise have been available.

Seller: _N/A_____ By: _N/A_____

Title: __N/A_____ Date: _N/A_____

**4. WITHOUT RECOURSE:** This assignment shall be without recourse against Seller except for such obligations as are set forth in the assignment above.

Seller: _AUDI HENDERSON_____ By: _____

Title: Finance manager_____ Date: 10/07/2022_____

*This is not the Authoritative Copy.*

**LAW** ® **FORM NO. 553-NV-e** (REV. 1012)   U.S. PATENT NO. D460,782
©2012 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



P.O. Box 961245
Fort Worth, TX 76161-1245
**Phone:** (888) 222-4227
www.SantanderConsumerUSA.com

EXHIBIT P

Sent Via First-Class Mail®

October 12, 2023

ROBERT BAUTISTA
4001 ryland street
Reno, NV 89502

## NOTICE OF RIGHT TO CURE DEFAULT

**ACCOUNT NUMBER:**       XXXXXX8089
**LAST DAY FOR PAYMENT:**       10/27/2023

### Description of Collateral:

| Year: 2019 | Model: A4 | Make: AUDI |
|---|---|---|
| VIN: WAUGMAF4XKA060641 | | Contract Date: 10/07/2022 |

| Amount Now Due as of 10/10/2023: | |
|---|---|
| Total Payments Due | $1,899.84 |
| Total Late Fees | $45.00 |
| Other Fees/Expenses | $25.00 |
| **AMOUNT NOW DUE** | **$1,969.84** |

This is formal notice that you are in default under your contract because you are late in making your payment(s). You are entitled to cure your default. In order to do so, you must pay the AMOUNT NOW DUE (shown above) by the LAST DATE FOR PAYMENT (shown above). If you pay the total AMOUNT NOW DUE by LAST DAY FOR PAYMENT, you may continue with the contract as though the default had not occurred. Payment may be sent to us at P. O. Box 660633, Dallas, TX 75266-0633.

If you do not pay the AMOUNT NOW DUE by the LAST DAY FOR PAYMENT, we may repossess the collateral secured by the above-referenced contract and exercise all of our rights under the law.

**NOTE**: The acceptance of these or other late payments does not waive our right to repossess the collateral or take other appropriate action if you fail to make future payments on time. **You are required to make all payments on time.**

Please write us at P.O. Box 961245, Fort Worth, TX 76161-1245 or call us at (888) 222-4227, Monday through Friday 7:00 AM to 9:00 PM and Saturday 7:00 AM to 5:00 PM Central Time if you have any questions regarding this notice.

You are receiving this notice due to the legal requirements of the state where you originally signed the agreement and/or the state where you currently reside.

Sincerely,

Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

 **SEE IMPORTANT CONSUMER NOTICES AT END OF LETTER**

©2023 Santander Consumer USA Inc. All rights reserved.

2384054048

**IMPORTANT CONSUMER NOTICES**:

**If you are entitled to the protections of the United States Bankruptcy Code regarding the subject matter of this letter, this communication is not an attempt to collect a debt from you personally in violation of the bankruptcy code but is for informational purposes only.**

**SANTANDER CONSUMER USA  IS A DEBT COLLECTOR, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Santander Consumer USA can report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

**Attention Servicemembers and Dependents:** The Federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including prohibiting repossession under most circumstances during the servicemember's active duty service. Santander Consumer USA will not repossess the property of a service member or his or her dependent during that time, unless pursuant either to a court order or a servicemember's written waiver. You can contact us toll-free at (888) 222-4227 if you have questions about your rights under SCRA.

Products and company names mentioned herein may be the trademarks of their respective owners.



**Santander**
Consumer USA

P.O. Box 961245 Fort Worth, TX 76161-1245

Date:   October 08, 2024
To:     ROBERT BAUTISTA
Fax:
From:   Santander Consumer USA

Comments:

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**NOTICE:  TO THE EXTENT YOUR ORIGINAL OBLIGATION WAS DISCHARGED, OR IS SUBJECT TO AN AUTOMATIC STAY OF BANKRUPTCY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT OR TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or **www.ftc.gov**.

**Notice of Credit Reporting:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**UTAH RESIDENTS:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

P.O. Box 961245, Fort Worth, TX 76161-1245 • www.SantanderConsumerUSA.com • 888.222.4227
©2024 Santander Consumer USA Inc. All rights reserved.
PaymentHistory 01/2024



EXHIBIT E

P.O. Box 961245 Fort Worth, TX 76161-1245

**Account Number:** ▆8089                    **Primary Name:** ROBERT BAUTISTA

| Good Through | Total Payoff | Principal | Interest | Late Fees | Misc. Fees | |
|---|---|---|---|---|---|---|
| 10/22/2024 | $31,029.86 | $29,836.44 | $1,129.11 | $15.00 | $50.00 | · |

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| 9/28/2024 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $29,836.44 |
| Late charge assessment<br>System Generated Transaction | | | | | | |
| 9/17/2024 | $904.96 | $382.86 | $522.10 | $0.00 | $0.00 | $29,836.44 |
| Reversal of system allocated payment<br>Return - Closed Account | | | | | | |
| 9/17/2024 | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 | $29,453.58 |
| Miscellaneous fee asessment<br>Return - Closed Account | | | | | | |
| 9/17/2024 | $-904.96 | $-382.86 | $-522.10 | $0.00 | $0.00 | $29,453.58 |
| System allocated payment<br>Smartlink One time ACH | | | | | | |
| 8/17/2024 | $-904.96 | $-376.27 | $-528.69 | $0.00 | $0.00 | $29,836.44 |
| System allocated payment<br>Internet - Recurring ACH | | | | | | |
| 7/17/2024 | $-904.96 | $-386.77 | $-518.19 | $0.00 | $0.00 | $30,212.71 |
| System allocated payment<br>Internet - Recurring ACH | | | | | | |
| 6/17/2024 | $-904.96 | $-363.15 | $-541.81 | $0.00 | $0.00 | $30,599.48 |
| System allocated payment<br>Internet - Recurring ACH | | | | | | |
| 5/17/2024 | $-904.96 | $-374.29 | $-530.67 | $0.00 | $0.00 | $30,962.63 |
| System allocated payment<br>Internet - Recurring ACH | | | | | | |

**Santander**
Consumer USA

P.O. Box 961245 Fort Worth, TX 76161-1245

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| 4/17/2024 | $-904.96 | $-350.46 | $-554.50 | $0.00 | $0.00 | $31,336.92 |
| System allocated payment Internet - Recurring ACH | | | | | | |
| 3/17/2024 | $-904.96 | $-380.02 | $-524.94 | $0.00 | $0.00 | $31,687.38 |
| System allocated payment Internet - Recurring ACH | | | | | | |
| 2/17/2024 | $-904.96 | $-609.83 | $-295.13 | $0.00 | $0.00 | $32,067.40 |
| System allocated payment Internet - Recurring ACH | | | | | | |
| 2/1/2024 | $-904.96 | $-54.29 | $-850.67 | $0.00 | $0.00 | $32,677.23 |
| System allocated payment WebPay - Pinless Debit (no fee) | | | | | | |
| 1/17/2024 | $904.96 | $331.43 | $573.53 | $0.00 | $0.00 | $32,731.52 |
| Reversal of system allocated payment Return - NSF on ACH | | | | | | |
| 1/17/2024 | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 | $32,400.09 |
| Miscellaneous fee asessment Return - NSF on ACH | | | | | | |
| 1/17/2024 | $-904.96 | $-331.43 | $-573.53 | $0.00 | $0.00 | $32,400.09 |
| System allocated payment Internet - Recurring ACH | | | | | | |
| 12/17/2023 | $-879.96 | $-552.37 | $-282.59 | $0.00 | $-45.00 | $32,731.52 |
| System allocated payment Internet - Recurring ACH | | | | | | |
| 12/17/2023 | $-25.00 | $0.00 | $0.00 | $0.00 | $-25.00 | $33,283.89 |
| Miscellaneous fee payment Internet - Recurring ACH | | | | | | |
| 12/2/2023 | $-400.00 | $-97.68 | $-302.32 | $0.00 | $0.00 | $33,283.89 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |

**Santander**
Consumer USA

P.O. Box 961245 Fort Worth, TX 76161-1245

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| 11/16/2023 | $-904.96 | $-540.15 | $-364.81 | $0.00 | $0.00 | $33,381.57 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 10/28/2023 | $-904.96 | $-826.28 | $-78.68 | $0.00 | $0.00 | $33,921.72 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 10/24/2023 | $-904.96 | $-351.19 | $-553.77 | $0.00 | $0.00 | $34,748.00 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 10/14/2023 | $-904.96 | $0.00 | $-904.96 | $0.00 | $0.00 | $35,099.19 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 10/3/2023 | $-1,720.00 | $0.00 | $-1,720.00 | $0.00 | $0.00 | $35,099.19 |
| System allocated payment WebPay - Pinless Debit (no fee) | | | | | | |
| 9/28/2023 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $35,099.19 |
| Late charge assessment System Generated Transaction | | | | | | |
| 8/28/2023 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $35,099.19 |
| Late charge assessment System Generated Transaction | | | | | | |
| 6/30/2023 | $1,809.92 | $935.77 | $874.15 | $0.00 | $0.00 | $35,099.19 |
| Reversal of system allocated payment Return - NSF on ACH | | | | | | |
| 6/30/2023 | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 | $34,163.42 |
| Miscellaneous fee asessment Return - NSF on ACH | | | | | | |
| 6/30/2023 | $-1,809.92 | $-935.77 | $-874.15 | $0.00 | $0.00 | $34,163.42 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |



P.O. Box 961245 Fort Worth, TX 76161-1245

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| 6/28/2023 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $35,099.19 |
| Late charge assessment System Generated Transaction | | | | | | |
| 5/17/2023 | $-904.96 | $-205.54 | $-699.42 | $0.00 | $0.00 | $35,099.19 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 4/12/2023 | $-904.96 | $-300.35 | $-604.61 | $0.00 | $0.00 | $35,304.73 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 3/13/2023 | $-904.96 | $-355.39 | $-549.57 | $0.00 | $0.00 | $35,605.08 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 2/14/2023 | $-2,729.88 | $-820.35 | $-1,894.53 | $0.00 | $-15.00 | $35,960.47 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |
| 1/28/2023 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $36,780.82 |
| Late charge assessment System Generated Transaction | | | | | | |
| 1/11/2023 | $-15.00 | $0.00 | $0.00 | $-15.00 | $0.00 | $36,780.82 |
| Waive late charge fee Waiver of Fees | | | | | | |
| 12/28/2022 | $15.00 | $0.00 | $0.00 | $15.00 | $0.00 | $36,780.82 |
| Late charge assessment System Generated Transaction | | | | | | |
| 11/15/2022 | $-904.96 | $-91.02 | $-813.94 | $0.00 | $0.00 | $36,780.82 |
| System allocated payment WebPay - ACH (no fee) | | | | | | |