**RESPONSE TO DEFENDANT TRANS UNION LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Robert Allen Bautista respectfully submits this response to Trans Union LLC's motion to dismiss the Complaint. While Defendant's motion presents procedural arguments seeking dismissal based on the form of Plaintiff's pleading, Plaintiff's allegations and claims are sufficiently plausible, and the deficiencies identified by Defendant can be cured with clarification in an amended complaint.

### I. Introduction

Plaintiff's complaint alleges multiple causes of action, including violations of the Fair Credit Reporting Act (FCRA), the Fair and Accurate Credit Transactions Act (FACTA), the Texas Securities Act, the Uniform Commercial Code (UCC), and claims of peonage and debt slavery. Defendant's motion, however, focuses on a procedural critique, asserting that the Complaint is an impermissible shotgun pleading that lacks sufficient factual specificity.

Plaintiff acknowledges that the Complaint may have been written in a manner that is not as clear as it could be but maintains that the claims brought forth are grounded in sufficient facts to warrant further examination. The central issue in this case involves Defendants' failure to safeguard Plaintiff's personal and financial information, as well as fraudulent activity tied to a negotiable instrument issued by Santander Consumer USA, which Trans Union failed to properly report.

### II. Legal Standard

Trans Union's motion to dismiss is based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. While Plaintiff agrees that the Complaint must state a claim that is plausible on its face, the facts alleged, when taken as true, are sufficient to support Plaintiff's claims under the FCRA, FACTA, the Texas Securities Act, and the UCC. The issue, therefore, is not the lack of factual allegations but the way in which they are presented. Plaintiff asserts that any ambiguities in the Complaint can be clarified through amendment, and Defendant's request for dismissal with prejudice is unwarranted.

### III. Plaintiff's Allegations are Sufficient to State Claims for Relief

Plaintiff has made sufficient factual allegations to put Trans Union on notice of the claims against it. Specifically:

1. **FCRA Violations**: Plaintiff has alleged that Trans Union failed to report accurate information, including fraudulent alterations to a negotiable instrument issued by Santander, which negatively impacted Plaintiff's credit report. Under the FCRA, Trans Union, as a credit reporting agency (CRA), has a duty to accurately report consumer information. While Defendant claims that Plaintiff's allegations are conclusory, the assertion that Trans Union facilitated the misreporting of fraudulent activity tied to the instrument is sufficient to state a claim for relief.

2. **FACTA Violations**: Plaintiff claims that Trans Union failed to safeguard his financial information as required under FACTA. Defendant's motion to dismiss under FACTA is based on the lack of specificity in Plaintiff's allegations; however, Plaintiff's claim that his financial data was misused or improperly reported as part of the fraudulent transaction is enough to suggest that Trans Union violated the Act's provisions on data protection.

3. **Peonage and Debt Slavery**: While Trans Union claims that the allegations of peonage and debt slavery are baseless, Plaintiff's claims in this regard are tied to the financial burden imposed by

4. **Texas Securities Act and UCC Violations**: Defendant argues that Plaintiff fails to show how these statutes apply to Trans Union. While Plaintiff acknowledges that more clarification is needed, the mere invocation of these laws is not sufficient grounds to dismiss the claims. Plaintiff seeks to clarify how Trans Union's failure to properly report or investigate the fraudulent instrument potentially violated these statutes.

the alleged fraudulent instrument and misreporting of information. Plaintiff should be allowed to further clarify how these claims relate to Trans Union's actions.

## IV. Shotgun Pleading Allegations

While Trans Union argues that the Complaint constitutes impermissible shotgun pleading, Plaintiff contends that any deficiencies in the clarity or specificity of the allegations can be addressed through amendment. The primary issue is not the existence of a plausible claim but the presentation of the claims in a manner that can be more clearly delineated.

Plaintiff does not intend to "lump" Defendants together but acknowledges that further clarification is required to specify the actions or omissions attributable to each Defendant, including Trans Union. Plaintiff requests an opportunity to replead with greater specificity to satisfy the pleading requirements under Rule 8(a) and Rule 10(b) of the Federal Rules of Civil Procedure.

## V. Amendment Should Be Allowed

Plaintiff agrees that certain aspects of the Complaint need to be refined, including specifying which Defendant is responsible for each alleged act. However, dismissing the Complaint with prejudice is premature. Under the Supreme Court's ruling in *Foman v. Davis*, leave to amend should be freely granted unless there is a showing of undue delay, bad faith, or futility. Since Plaintiff has not previously been given an opportunity to correct the pleading deficiencies, dismissal without leave to amend would be an error. Plaintiff respectfully requests the Court allow for amendment of the Complaint to clarify the factual allegations, in particular how each Defendant (including Trans Union) violated the law.

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss and allow Plaintiff to file an amended complaint. The claims in the Complaint are plausible and provide sufficient notice of the legal and factual basis for each claim. In the alternative, Plaintiff seeks permission to amend the Complaint to cure any deficiencies identified by Trans Union. A dismissal with prejudice would be unjust, as Plaintiff should be afforded the opportunity to clarify his allegations and state a proper claim.

Respectfully submitted,

```
WITHOUT RECOURSE
Pay to the Order of: ROBERT
    ALLEN BAUTISTA
By: /s/ Robert Allen Bautista/agent
        ------

Robert Allen Bautista/attorney-in-fact
```