**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**ROBERT ALLEN BAUTISTA**,
Plaintiff,
v.
**SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION**,
Defendants.

Case No. 3:24-cv-02935-K

---

**AMENDED COMPLAINT AND ORIGINAL PETITION FOR SECURITIES FRAUD, VIOLATION OF FCRA, FACTA, AND CLAIM FOR MISREPRESENTATION AND PEONAGE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT**, Plaintiff in the above-styled and numbered cause, and files this Amended Complaint and Original Petition against **SANTANDER CONSUMER USA**, **AUDI HENDERSON**, **EQUIFAX INC.**, **EXPERIAN CORPORATION**, and **TRANSUNION**, and in support thereof would respectfully show the Court as follows:

**I. DISCOVERY**

1. **Discovery Control Plan**: Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure, Rule 190.

---

**II. PARTIES**

2. **Plaintiff**: **ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT**, a man receiving formal correspondence at **PO BOX 131385, DALLAS, TX 75313-1385**.

3. **Defendant**: **SANTANDER CONSUMER USA**, a corporation with a principal place of business located at **North Stemmons Freeway, Dallas, TX 75247**.

4. **Defendant**: **AUDI HENDERSON**, a corporation with a principal place of business located at **7740 Eastgate Rd, Henderson, NV 89011**.

5. **Defendant**: **EQUIFAX INC.**, a corporation with a principal place of business located at **1550 Peachtree Street NW, Atlanta, GA 30309**.

6. **Defendant**: **EXPERIAN CORPORATION**, a corporation with a principal place of business located at **475 Anton Blvd, Costa Mesa, CA 92626**.

7. **Defendant**: **TRANSUNION**, a corporation with a principal place of business located at **555 W Adams St, Chicago, IL 60661**.

---

**III. JURISDICTION AND VENUE**

4. **Jurisdiction**: This Court has jurisdiction over this matter because the claims arise under the **Texas Securities Act**, the **Securities Exchange Act of 1934**, the **Fair Credit Reporting Act (FCRA)**, the **Fair and Accurate Credit Transactions Act (FACTA)**, **18 U.S.C. § 1581**, and Texas contract law. The amount in controversy exceeds $75,000.

5. **Venue**: Venue is proper in Dallas County because the transactions and violations at issue occurred in this county.

---

## IV. FACTUAL BACKGROUND

6. **Facts**:

a. **Material Misrepresentations**: On or about **10/07/2022**, **Santander Consumer USA** issued a negotiable instrument to Plaintiff that was falsely represented as secured and valid under the original terms. This misrepresentation occurred when Santander altered the instrument without authorization by including an unauthorized **allonge**, in violation of **Texas Uniform Commercial Code (UCC) § 3-104**, which governs the validity of negotiable instruments.

b. **Unauthorized Alteration**: The alteration significantly modified the instrument's terms and obligations, misleading Plaintiff into believing it remained enforceable under its original conditions. This act violates **UCC § 3-119**, which prohibits unauthorized alterations of instruments.

c. **Inducement into Financial Obligation**: Based on these fraudulent misrepresentations, Plaintiff entered into and made payments on the altered negotiable instrument, effectively trapping him in a cycle of debt. This conduct constitutes fraud as outlined in **Texas Penal Code § 32.46**, which prohibits fraud in obtaining a signature to a document.

d. **Debt Trap and Financial Servitude**: As a result of **Santander's** actions, Plaintiff found himself in a situation of involuntary financial servitude, in violation of **18 U.S.C. § 1581**, which prohibits peonage and debt slavery. The coercion to continue payments under false pretenses placed Plaintiff in a vulnerable position, leading to severe financial distress.

e. **Complicity of Credit Reporting Agencies**: **Equifax Inc.**, **Experian Corporation**, and **TransUnion** acted complicitly by failing to accurately report Plaintiff's credit information after being informed of the fraudulent nature of the instrument. Their negligence constitutes a violation of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681**, which mandates that credit reporting agencies must provide accurate information. The agencies' failure to investigate disputes and correct misinformation further aggravated Plaintiff's financial harm.

f. **Improper Use of Personal Data**: Additionally, **Equifax**, **Experian**, and **TransUnion** unlawfully accessed and utilized Plaintiff's personal financial information without authorization, violating **FCRA § 1681b**, which outlines permissible purposes for accessing consumer reports. This unauthorized use led to further exploitation of Plaintiff's financial data.

g. **Violation of FACTA**: All Defendants failed to adhere to the **Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c**, by not properly securing and disposing of Plaintiff's financial information. This negligence facilitated the unauthorized alterations and misrepresentations that further placed Plaintiff at financial risk.

h. **Emotional and Financial Damages**: As a direct result of the combined fraudulent actions of **Santander**, **Equifax**, **Experian**, and **TransUnion**, Plaintiff has endured significant emotional distress and financial damages, which include loss of creditworthiness, unanticipated expenses for rectifying credit reports, and the psychological toll from being trapped in a fraudulent financial arrangement.

---

## V. CAUSES OF ACTION

7. **Securities Fraud**
   Defendant violated the **Texas Securities Act** and Section 10(b) of the **Securities Exchange Act of 1934** by:

a. Making false statements of material fact in connection with the negotiable instrument;

b. Omitting critical information regarding the unauthorized **allonge** that materially altered the instrument's terms and obligations, violating **UCC 3-104** and **UCC 3-119**;

c. Engaging in a fraudulent scheme to manipulate the terms of the negotiable instrument, inducing Plaintiff into payments based on false pretenses;

d. Utilizing fraudulent indorsements to force Plaintiff into a continuing financial obligation that was never agreed upon, constituting a violation of securities laws.

8. **Misrepresentation of Negotiable Instrument**
   Defendants engaged in fraudulent misrepresentation by:

a. Altering the terms of the negotiable instrument with an unauthorized allonge, in violation of **UCC 3-119**, and failing to disclose the changes to Plaintiff;

b. Falsely presenting the instrument as valid and enforceable under the original terms, while the **allonge** imposed new and burdensome financial obligations;

c. Inducing Plaintiff to make payments under the misrepresented instrument, constituting a violation of **UCC 3-104** governing negotiable instruments.

9. **Enticement into Peonage**
   Defendants' actions resulted in a violation of **18 U.S.C. § 1581 & 18 U.S. Code § 1593A** (Peonage and Debt Slavery) by:

a. Coercing Plaintiff into continued financial servitude using the fraudulent negotiable instrument, effectively placing Plaintiff into a state of debt slavery;

b. Depriving Plaintiff of the ability to renegotiate or terminate the financial obligation due to Defendant's fraudulent alteration of the instrument, resulting in involuntary servitude through economic coercion;

c. Engaging in deceptive practices that placed Plaintiff in a vulnerable financial position, violating both state and federal laws that protect against peonage and fraudulent financial manipulation.

10. **Violation of the Fair Credit Reporting Act (FCRA)**
    Defendants violated the **Fair Credit Reporting Act** (**15 U.S.C. § 1681 et seq.**) by:

a. Accessing and using Plaintiff's personal financial information without authorization or permissible purpose;

b. Failing to provide proper notice to Plaintiff of adverse actions based on unauthorized use of credit information;

c. Neglecting to safeguard Plaintiff's financial information, which led to further exploitation under the altered negotiable instrument.

11. **Violation of the Fair and Accurate Credit Transactions Act (FACTA)**
    Defendants violated **FACTA (15 U.S.C. § 1681c et seq.)** by:

a. Failing to properly protect and dispose of Plaintiff's personal financial data during the course of the fraudulent financial transactions;

b. Misusing Plaintiff's credit information in connection with the altered negotiable instrument, violating the statutory protections provided by **FACTA**.

## VI. DAMAGES

12. **Damages**: As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered economic and non-economic damages, including:

a. All payments made under the fraudulent negotiable instrument, totaling **$27,653.88**;

b. Emotional distress caused by the undue financial burden and the violation of Plaintiff's rights under **18 U.S.C. § 1581**;

c. Damage to Plaintiff's financial reputation and credit standing due to the fraudulent use of Plaintiff's financial information;

d. Loss of financial opportunities and income that were otherwise available to Plaintiff;

e. Costs incurred to rectify the consequences of Defendant's fraudulent actions and the exploitation of the negotiable instrument.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final hearing, Plaintiff be awarded the following relief:

1. **Zero out the Account:**
   Santander must remove all outstanding balances and zero out the account associated with Plaintiff. This will rectify the fraudulent nature of the contract.

2. **Return All Funding Received:**
   Santander must return any and all funding received by collateralizing the fraudulent security contract. This includes all payments made by Plaintiff under the terms of the altered instrument, totaling $65,157.12.

3. **Return of Additional Payments Made:**
   All additional payments made by Plaintiff on the fraudulent account must be returned, amounting to $27,653.88. This includes any payments made on the altered instrument under false pretenses.

4. **Remove Negative Credit Remarks:**
   Santander, in coordination with the credit reporting agencies (Equifax, Experian, and TransUnion), must ensure that any and all negative remarks associated with this fraudulent account are immediately removed from Plaintiff's credit reports, stating only that the account is paid in full.

5. **Attorney's Fees:**
   Due to the necessity of legal intervention to resolve these issues, Santander must pay Plaintiff's attorney's fees in the amount of $10,000, which represents the legal fees incurred in addressing this matter.

6. **Compensatory Damages:**
   Plaintiff demands $300,000 in damages, which represents the economic and non-economic harm caused by your client's fraudulent actions, including emotional distress, damage to creditworthiness, and financial instability caused by the fraudulent contract.

7. Statutory damages under the **Texas Securities Act**, the **Securities Exchange Act of 1934**, **FCRA**, **FACTA**, and **18 U.S.C. § 1581**;

8. Punitive damages for fraudulent misrepresentation, securities fraud, and violations of federal law;

9. Court costs and legal fees;

10. Pre-judgment and post-judgment interest as allowed by law;

11. Any other relief to which Plaintiff may be entitled.

---

**VIII. JURY DEMAND**

13. **Jury Demand**: Plaintiff demands a jury trial and will pay the necessary jury fee.

DATED this **26th** day of **NOVEMBER, 2024**.

Respectfully submitted,
**ROBERT ALLEN BAUTISTA®/ATTORNEY-IN-FACT**
PO BOX 131385
DALLAS, TX 75313-1385
702-501-9639
RBRTBTST16@GMAIL.COM

```
WITHOUT RECOURSE
Pay to the Order of: ROBERT
     ALLEN BAUTISTA
By: /s/ Robert Allen Bautista/agent
         ------
Robert Allen Bautista/attorney-in-fact
```