IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| Plaintiff, | § § § | |
| v. | § | |
| SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION, | § § § § § | Case No. 3:24-cv-02935-K |
| Defendants. | § | |

**DEFENDANT TRANS UNION LLC'S BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), incorrectly named TransUnion, and files its Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support. Trans Union respectfully requests the Court dismiss this matter in its entirety with prejudice. In support thereof, Trans Union would respectfully show the Court as follows:

**I. SUMMARY**

*Pro se* Plaintiff Robert Allen Bautista ("Plaintiff") has sued TransUnion, attempting to assert a claim for peonage and debt slavery under 18 U.S.C. §§ 1581 and 1593A and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Fair and Accurate Credit Transactions Act ("FACTA"), the Texas Securities Act, and the Uniform Commercial Code ("UCC"). ECF Nos. 1, 7. On November 26, 2024, Trans Union filed a Motion to Dismiss Plaintiff's original complaint, *see* ECF No. 5, and, on the same day, Plaintiff filed his Response to Trans Union's Motion to Dismiss and his Amended Complaint. ECF Nos. 6–7. In his Response, Plaintiff "acknowledge[d] that the Complaint may have been written in a manner that is not as clear as it could be" and that the Complaint failed to "specify[] which Defendant is responsible for each alleged act." ECF No. 6 at 1–2. Plaintiff then alleged "that any ambiguities in the Complaint can

1

7697607.1

be clarified through amendment," *see id*. at 1, and immediately filed his Amended Complaint—which remains defective as a matter of law. *See generally* ECF No. 7. A closer reading of the Amended Complaint shows Plaintiff merely updated the formatting of his pleading and added subsections under the Prayer section that asks the following purported relief: "[z]ero out the Account,"[1] return all payments made under the Account in the amount of $65,157.12, and deletion of "all negative accounts" under the Account, "stating only that the [A]ccount is paid in full." *See id*. at 4–5. In other words, Plaintiff wants the return of the payments made under the Account and a repair of his credit file—despite his delinquency under the Account.

The problem with Plaintiff's Amended Complaint remains the same: it is still an impermissible shotgun pleading. Plaintiff's Amended Complaint remains devoid of factual and legal support and wholly presents incoherent ramblings. A change in font style and the addition of conclusory statements under the Prayer section do not cure the defects in Plaintiff's Amended Complaint. Indeed, even after his purported amendments, the Complaint is still a classic example of a shotgun pleading that is forbidden in the Fifth Circuit and that requires dismissal. Accordingly, this Court should grant this Motion in its entirety.

## II.   LEGAL STANDARD

### A.   12(b)(6) Failure to State a Claim

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Federal Rules of Civil Procedure require a plaintiff to articulate facts, when accepted as true, that show that the

---

[1] Account pertains to Plaintiff's account with Defendant Santander Consumer USA Inc. ("Santander").

2

plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). A plausible claim for relief is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent' with a defendant's liability." *Id.*

When considering a motion to dismiss for failure to state a claim, courts should accept all well-pled facts in the complaint as true and draw all inferences in the plaintiff's favor. *Id.* However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation omitted). Rather, to avoid dismissal, a "plaintiff must plead specific facts, not merely conclusory allegations[.]" *Carter v. Diamond URS Huntsville, Michele, LLC*, 175 F. Supp. 3d 711, 731 (S.D. Tex. 2016); *Aztec Oil & Gas, Inc. v. Fisher*, 152 F. Supp. 3d 832, 839 (S.D. Tex. 2016). In other words, a plaintiff must plead a "plausible claim for relief"—one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.   *Pro Se* Litigants

Although courts "subject[] the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel," *pro se* pleadings must still "set forth facts giving rise to a claim on which relief may be granted." *Branham v. Bank of Am., N.A.*, No. 4:23-CV-00959-O-BP, 2024 WL 3277741, at *1 (N.D. Tex. May 30, 2024), *report and recommendation adopted*, No. 4:23-

3

CV-00959-O-BP, 2024 WL 3278970 (N.D. Tex. July 2, 2024) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)) (internal citations omitted). In other words, "[a] *pro se* litigant must follow the same procedural rules governing all litigants." *Knoop v. Douglas,* No. 2:09-cv-0148, 2010 WL 4007752, at *4 (N.D. Tex. Oct. 12, 2010) (citing *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D.Tex. 1999)).

### III.    ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Amended Complaint is an impermissible shotgun pleading and should be dismissed.**

Under Rule 8(a)(2), a complaint "must contain . . . <u>a short and plain statement of the claim</u> showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks and alterations omitted). Furthermore, the allegations in the complaint "must be <u>simple, concise, and direct</u>," *see* Fed. R. Civ. P. 8(d)(1) (emphasis added), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[A] *pro se* plaintiff is not excused from his 'obligation to plead specific facts . . . pursuant to Rule 8 of the Federal Rules of Civil Procedure.'" *Boswell v. Hon. Gov. of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. Sep. 19, 2000).

When a plaintiff "<u>fails to distinguish the actions of each named defendant,</u>" the plaintiff engages in "quintessential shotgun pleading, which could properly be disregarded." *Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at *3 (N.D. Tex. June 12, 2023) (emphasis added) (citing *Bell v. Wells Fargo Bank, N.A.*, No. 4:14-CV-388-Y, 2017 WL 6761770, at *3 (N.D. Tex. Oct. 13, 2017) (Means, J.) (cleaned up); *Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at *1 (S.D. Tex. Dec. 19, 2022) (recognizing that a plaintiff engaged

4

7697607.1

in "vague 'shotgun pleading'" when he "insufficiently specified which defendants committed which tortious acts"); and *Davis v. City of Alvarado*, No. 19-CV-463-K-BK, 2019 WL 6896878, at *4 n.2 (N.D. Tex. Dec. 3, 2019) (Toliver, M.J.), *report and recommendation adopted*, No. 3:19-CV-0463-K, 2019 WL 6894686 (N.D. Tex. Dec. 18, 2019) (Kinkeade, J.), *aff'd*, 835 F. App'x 714 (5th Cir. 2020) (per curiam) (recognizing that "shotgun pleading must be disregarded where it uses blanket terms to address all defendants collectively or asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts") (cleaned up)).

A "shotgun pleading" is a pleading with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 (5th Cir. Oct. 15, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Here, Plaintiff's Amended Complaint is so conclusory and vague that Trans Union is unable to adequately respond to Plaintiff's allegations. First, Plaintiff—relying solely on his speculation that the negotiable instrument issued by Santander is fraudulent—attempts to allege that Trans Union somehow "acted complicitly by failing to accurately report Plaintiff's credit information;" and that all defendants somehow "facilitated the unauthorized alterations and misrepresentations that further placed Plaintiff at financial risk." ECF No. 7 at 2. To be clear, Trans Union is still not certain about what Plaintiff is trying to establish here. Plaintiff then lumps all defendants together and hastily alleged misrepresentation, peonage, and debt slavery and violations under the FCRA, FACTA, Texas Securities Act, and UCC. ECF No. 7 at 3–4 (alleging a "defendant" violated the Texas Securities Act, but fails to specify which defendant and the factual basis for the alleged violations; alleging that "[d]efendants engaged in fraudulent

5

misrepresentation," but fails to explain what alterations were made on the negotiable instrument, which particular defendant is involved, and what constitutes fraudulent misrepresentation; alleging that "[d]efendants" caused "[p]eonage and [d]ebt [s]lavery," without explaining how and what each defendant did or did not do that qualify as peonage and debt slavery; alleging that "[d]efendants" violated the FCRA and FACTA, but fails to specify which sections of the statute are involved and what is inaccurate on the credit reporting; and that "[d]efendants" . . . "fail[ed] to properly protect and dispose of Plaintiff's personal financial data during the course of the fraudulent transactions" and "misus[ed] Plaintiff's credit information," but fails to sufficiently allege what those fraudulent transactions are and how each of the defendants misused Plaintiff's credit information). Plaintiff cannot merely allege the entirety of the FCRA and FACTA and assume that one of the sections can probably apply in the instant case and constitute a valid claim. Furthermore, Trans Union, as a CRA,[2] never issued a negotiable instrument to Plaintiff—and Plaintiff cannot show otherwise. Trans Union is uncertain how the Texas Securities Act and UCC apply to it in this case and what alleged actions or omissions constitute Plaintiff's claims for misrepresentation, peonage, and debt slavery against Trans Union. Plaintiff's mere mention and vague references to these claims do not satisfy the pleading requirements under Rules 8 and 10 of the Federal Rules of Civil Procedure. After all, Plaintiff still merely buries Trans Union in his litany of conclusory allegations relating to a negotiable instrument which he subjectively believes is fraudulent. Plaintiff made no efforts in clarifying his allegations in his purported Amended Complaint.

Second, Plaintiff—without any explanation whatsoever—contends that the defendants "unlawfully accessed and utilized Plaintiff's personal financial information without

---

[2] CRA means consumer reporting agency.

6

authorization"; "fail[ed] to provide proper notice to Plaintiff of adverse actions based on unauthorized use of credit information"; and "neglect[ed] to safeguard Plaintiff's financial information." ECF No. 7 at 2, 4. Again, Plaintiff's <u>additional conclusory statements</u> do not salvage any of his claims against Trans Union. Plaintiff still does not explain what the alleged adverse actions and unauthorized use of credit are—nor does he explain when and how each of the defendants "neglected to safeguard" his credit information. Furthermore, to the extent Plaintiff's attempt to allege a claim under 15 U.S.C. § 1681b of the FCRA, Plaintiff's attempt is just as futile. Although a CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id*. § 1681b(a). Section 1681b(a)(3) enumerates numerous permissible purposes under which a CRA may furnish a consumer report without the consumer's consent, including: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"; (2) "for employment purposes"; (3) for "the underwriting of insurance involving the consumer"; (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law"; (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation"; or (6) more generally, "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A–F). In any event, Plaintiff continues to merely bury Trans Union in confusing, vague, and piecemealed ramblings.

Third, based on his conclusory allegation that the negotiable instrument issued by Santander is fraudulent, Plaintiff vaguely pleads against a "defendant" and believes that he is somehow entitled to a positive reporting of the Account despite his delinquency; return of the payments made under the Account in the amount of $65,157.12; "[a]ll additional payments made . . . on the [alleged] fraudulent [A]ccount . . . amounting to $27,653.88"; attorney's fees in the amount of $10,000—despite the fact that Plaintiff is proceeding *pro se*; actual damages in the amount of $300,000; statutory damages; and punitive damages. ECF No. 7 at 4–5. To be clear, Plaintiff still has not elaborated his factual and legal basis for his claims and alleged damages against Trans Union or any of the defendants. Instead of explaining what role each defendant in this case played in Plaintiff's case and alleged damages, Plaintiff has consistently and improperly lumped defendants together in his Amended Complaint—making it virtually impossible to adequately respond and defend against Plaintiff's claims.

In sum, Plaintiff's Amended Complaint—just like his original Complaint—is deficient as a matter of law and warrants dismissal with prejudice because Plaintiff fails to plead factual content, alleges mere conclusory statements, and does not afford adequate notice to Trans Union regarding any misconduct alleged for the Court to draw a reasonable inference that Trans Union is liable. Plaintiff only makes vague, generalized, irrelevant, and conclusory allegations that are unintelligible and wholly insufficient to notify Trans Union as to the basis of the claim(s) asserted against it. Based on the foregoing, Plaintiff's "pleadings constitute no more than 'shotgun' pleadings, untied 'to specific causes of action, such that the claims made are indeterminate and the defendant's task in defending against them[,]'" and "the Court's task in liberally construing them, 'is significantly impaired.'" *Branham*, 2024 WL 3277741, at *2 (citing *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013)) (internal citation

omitted). In this case, where Plaintiff "uses blanket terms covering all the defendants, by lumping them together or calling them collectively ['Defendants,'] these allegations are properly disregarded unless the reference to [particular defendants] can be clearly inferred." *Wesner as Tr. of Charles Wesner Jr. Living Tr. v. Southall*, No. 3:22-CV-927-B, 2023 WL 5961655, at *3 (N.D. Tex. Sept. 12, 2023) (citing *Staten v. City of Dallas*, No. 3:19-cv-843-L-BN, 2020 WL 1902573, at *12 (N.D. Tex. Jan. 17, 2020) (cleaned up), *report and recommendation adopted*, 2020 WL 548373 (N.D. Tex. Feb. 4, 2020)).

Indeed, it is impossible for Trans Union to determine with certainty how the allegations pertain to it and give rise to any claims for relief. Trans Union—and this Court—cannot reasonably be expected to comb through Plaintiff's ramblings to find a cause of action. Put simply, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate" here. *Randle v. Brown*, No. 3:23-CV-2532-E-BN, 2023 WL 8439147, at *3 (N.D. Tex. Nov. 17, 2023), *report and recommendation adopted*, No. 3:23-CV-2532-E-BN, 2023 WL 8436058 (N.D. Tex. Dec. 5, 2023) (quoting *Weiland*, 792 F.3d at 1320–23 and *Roe v. Johnson Cnty., Texas*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *5 (N.D. Tex. July 29, 2019), *report and recommendation adopted*, No. 3:18-CV-2497-B-BN, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) ("Shotgun pleadings are subject to dismissal under Rule 12(b)(6), particularly where – as shown by the multiplicity of claims here – 'the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.'")). Accordingly, this Court should grant Trans Union's Motion in its entirety and dismiss the claims with prejudice.

### B. Any amendment would be futile.

The decision to allow pleading amendment is within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). The Supreme Court and the Fifth Circuit have enumerated factors which

9

allow for the denial of a motion to amend, including undue delay, bad faith, repeated failure to cure deficiencies, and futility of amendment. *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). "Granting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Plaintiff's claims against Trans Union should be dismissed with prejudice because, as demonstrated above, Plaintiff cannot plead plausible claims for relief against Trans Union despite his amendments and, as a result, any further amendment to the Complaint would be futile. Plaintiff cannot manipulate the facts here to state a valid claim. In fact, Plaintiff's case remains predicated on his mere conjecture that the negotiable instrument issued by Santander is somehow fraudulent. Plaintiff's purported amendments still fail to "specify the actions or omissions attributable to each Defendant" as promised in his Response to Trans Union's first Motion to Dismiss. Clearly, Plaintiff does not and cannot identify with specificity what Trans Union has done wrong—because it has not done any.

Indeed, it appears that this case is an attempt to escape valid legal obligations disguised as an FRCA lawsuit. Plaintiff's pleading deficiencies cannot be cured by any further amendment—because he has no actionable claim against Trans Union. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561–62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations) (citation omitted). Accordingly, this Court should grant Trans Union's Motion in its entirety and dismiss the claims with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice and grant Trans Union other and further relief as the Court deems just. Any attempt by Plaintiff to replead would be futile.

Respectfully submitted,

*/s/ Heliane Fabian*
**HELIANE FABIAN**
Texas Bar No. 24109850
hfabian@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5450
(214) 871-2111 Fax

**JARED WIDENBAUM**
Texas Bar No. 24115445
jwidenbaum@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 560-5453
(214) 871-2111 Fax

*Counsel for Trans Union LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of December 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Robert Allen Bautista<br>rbrtbtst16@gmail.com<br>P.O. Box 131385<br>Dallas, TX 75313<br>(702) 501-9639<br>***Pro Se Plaintiff*** | Brent W. Marinelli<br>brent.martinelli@qpwblaw.com<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>1700 Pacific Avenue, Suite 4545<br>Dallas Texas 75201<br>(214) 754-8755<br>(214) 754-8744 Fax<br>***Counsel for Santander Consumer USA, Inc.*** |

      */s/ Heliane Fabian*
      **HELIANE FABIAN**

7697607.1