IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT ALLEN BAUTISTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-2935-K-BN |
| § | |
| SANTANDER CONSUMER USA, AUDI § | |
| HENDERSON, EQUIFAX INC., § | |
| EXPERIAN CORPORATION, and § | |
| TRANSUNION, § | |
| § | |
| Defendants. § | |

## ORDER DENYING MOTION TO COMPEL DISCOVERY

Defendant Trans Union LLC, with the consent of Defendant Santander Consumer USA, removed Plaintiff Robert Allen Bautista's *pro se* lawsuit from a Dallas County state court. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Neither Trans Union nor Santander answered prior to removal, but, after removal, Trans Union moved to dismiss Bautista's amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 12; *see also* Dkt. Nos. 5 & 7.

And Bautista now moves to compel discovery responses from Santander. *See* Dkt. No. 13.

Serving and responding to discovery is generally accomplished through the cooperation of the parties and without court intervention, unless such intervention is

needed. *See, e.g., Chavez v. Compton*, No. CV-08-8-BLG-RFC, 2010 WL 231359, at *5 (D. Mont. Jan. 20, 2010) ("It is not the role of the Court to assist litigants, even those proceeding pro se, in the pursuit of discovery.").

And, to the extent that Bautista moves the Court to compel Santander to provide discovery prior to a court-ordered conference of the parties under Federal Rule of Civil Procedure 26(f), Federal Rule of Civil Procedure 26(d)(1) provides that "a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

And, while "[t]he Federal Rules do not provide a standard for ordering expedited discovery," district courts in this circuit "utilize a 'good cause' standard." *Id.*; *see also Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020) ("Any party seeking expedited discovery must show good cause." (citation omitted)).

Because Bautista offers no reason, and thus fails to show good cause, for the Court to authorize discovery at this stage, the motion to compel [Dkt. No. 13] is DENIED.

SO ORDERED.

DATED: December 10, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE