**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ROBERT ALLEN BAUTISTA,**
Plaintiff,

v. Case No. 3:24-cv-02935-K

**SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, TRANS UNION,**
Defendants.

---

**PLAINTIFF'S RESPONSE TO TRANS UNION'S MOTION TO DISMISS THE AMENDED COMPLAINT AND ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **Robert Allen Bautista**, acting as **ATTORNEY-IN-FACT**, respectfully submits this detailed and expanded response to **Defendant Trans Union's Motion to Dismiss the Amended Complaint and Original Petition**. Plaintiff seeks to address the unlawful practices of **Santander Consumer USA**, **Audi Henderson**, **Equifax**, **Experian**, and **Trans Union** that have collectively trafficked Plaintiff into financial servitude and involuntary debt, violating numerous federal statutes, including **18 U.S.C. § 1581 (Peonage)**, **18 U.S.C. §§ 1341, 1343 (Mail and Wire Fraud)**, and the **Fair Credit Reporting Act (FCRA)** under **15 U.S.C. § 1681i**.

Plaintiff became the issuer of credit when **Santander**, acting as the **maker** of the negotiable instrument, unlawfully used Plaintiff's personal credit information to establish a financial obligation. The **Defendants**, through fraudulent misrepresentation, deceptive practices, and the unlawful alteration of a negotiable instrument, have perpetuated a cycle of financial harm that trafficked Plaintiff into an ongoing condition of economic coercion and involuntary servitude. The illegal modification of the instrument by **Santander**, facilitated by **Audi Henderson**, and the failure of the credit reporting agencies to correct the fraudulent information, has resulted in continuous harm to Plaintiff, including economic, reputational, and emotional distress.

**I. INTRODUCTION: THE FRAUDULENT SCHEME AND COORDINATED DECEPTION**

At the core of Plaintiff's claims is the unlawful use of Plaintiff's personal credit information by **Santander Consumer USA**, the **maker** of the negotiable instrument, to issue credit in Plaintiff's name. This series of fraudulent actions culminated in the alteration of the original instrument with the addition of an unauthorized **allonge**, which is a physical attachment to a negotiable instrument under **UCC §§ 3-104** and **3-119**. Under **UCC § 3-104**, the term "negotiable instrument" refers to any signed writing that promises payment of a specific amount of money. In this case, **Santander** unlawfully altered the terms of the instrument, which Plaintiff had no knowledge of, nor consent to, thus rendering the instrument unenforceable under the original terms.

By using **Plaintiff's** personal credit information, **Santander** effectively made Plaintiff the issuer of the credit, even though he had not agreed to the modified terms. This fraudulent alteration by **Santander**, facilitated by **Audi Henderson**, created a legally enforceable debt where no valid agreement existed, trapping Plaintiff in an ongoing cycle of financial harm.

This unlawful act was compounded by the failure of the credit reporting agencies—**Equifax**, **Experian**, and **Trans Union**—to adequately investigate the fraudulent nature of the altered instrument, despite Plaintiff's timely disputes. Their refusal to investigate or correct the misinformation perpetuated by **Santander** and **Audi Henderson** continued to harm Plaintiff by damaging his creditworthiness and subjecting him to economic coercion, further contributing to the trafficking of Plaintiff into financial servitude, a form of involuntary debt.

## II. ROLES OF DEFENDANTS IN PERPETUATING THE FRAUDULENT SCHEME

### A. Santander Consumer USA: The Maker of the Fraudulent Debt Trap

**Santander Consumer USA** initiated the fraudulent scheme by **using Plaintiff's personal credit information** to issue a negotiable instrument in Plaintiff's name, representing an obligation that Plaintiff never authorized or agreed to. The alteration of the instrument was accomplished through the unlawful addition of an allonge, which modified the terms of the contract without Plaintiff's knowledge or consent, violating **Texas UCC §§ 3-104 and 3-119**, which prohibit unauthorized alterations and provide for the legal requirements for negotiable instruments.

By using **Plaintiff's credit information**, **Santander** made Plaintiff the **issuer of credit**. The addition of the allonge altered the terms of the original credit agreement, trapping Plaintiff into a financial obligation under fraudulent pretenses. **Santander's** actions violated the **Fair Credit Reporting Act (FCRA)**, particularly **15 U.S.C. § 1681e(b)**, which requires lenders and entities reporting to credit agencies to ensure that the information reported is accurate. Moreover, the deceptive act of altering the negotiable instrument is a direct violation of **18 U.S.C. § 1343** (Wire Fraud), as it involved the use of interstate communication to perpetrate the fraudulent scheme.

In **Shannon v. Credit Union, 318 F.3d 800 (7th Cir. 2003)**, the court held that fraudulent misrepresentation by a lender regarding the terms of a financial obligation was grounds for rescission, and damages for the financial harm caused by such misrepresentation. Here, **Santander**'s alteration of the instrument led to the wrongful establishment of a credit obligation that Plaintiff had not agreed to, thus entrenching him in an unlawful debt.

### B. Audi Henderson: The Facilitator of the Fraudulent Scheme

**Audi Henderson**, in collaboration with **Santander**, played a pivotal role in facilitating the alteration of the negotiable instrument. As the party assisting in the misrepresentation of the credit terms, **Audi Henderson** contributed to the fraudulent scheme by enabling **Santander** to falsely represent the nature of the agreement. This conduct is akin to **18 U.S.C. § 1341** (Mail Fraud) and **18 U.S.C. § 1343** (Wire Fraud), as **Audi Henderson** used fraudulent communications to induce Plaintiff into entering into a financial agreement under false pretenses.

The **Restatement (Second) of Torts § 526** outlines that a party who knowingly assists in committing fraudulent acts can be held liable for contributing to the harm caused. **Audi Henderson**, by facilitating the alteration of the negotiable instrument and the misrepresentation of its terms, contributed directly to the fraudulent scheme that trafficked Plaintiff into financial servitude.

### C. Equifax, Experian, and Trans Union: Facilitators of the Fraud and Perpetuators of Harm

The role of **Equifax**, **Experian**, and **Trans Union** in this fraudulent scheme cannot be overstated. These credit reporting agencies have a legal duty under the **Fair Credit Reporting Act (FCRA)**, specifically **15 U.S.C. § 1681i**, to investigate and correct inaccurate or fraudulent information upon notification by a

consumer. Plaintiff notified these agencies of the fraudulent nature of the altered negotiable instrument, but they failed to perform the required investigations or corrections.

**FCRA § 1681i(a)(1)** mandates that when a consumer disputes an item on their credit report, the credit reporting agencies must investigate and resolve the dispute within 30 days. In **Cox v. Equifax, Inc.**, 204 F.3d 1116 (9th Cir. 2000), the court held that the failure of credit reporting agencies to investigate and correct inaccuracies was a violation of **FCRA**, causing significant harm to the consumer. Here, **Equifax**, **Experian**, and **Trans Union**'s failure to correct the fraudulent entries resulted in continuing damage to Plaintiff's creditworthiness, financial reputation, and opportunities.

These failures also constitute **18 U.S.C. § 1581** (Peonage), as the continued reporting of inaccurate information forced Plaintiff into an ongoing state of involuntary debt, preventing him from accessing his Titles, Rights, Interests, and Guaranteed Equity.

**D. Failure to Honor Principal's Titles, Rights, Interests, and Guaranteed Equity**

At the heart of Plaintiff's claims is the wrongful denial of access to his **Titles, Rights, Interests**, and **Guaranteed Equity**. These rights, which Plaintiff is lawfully entitled to under state and federal law, have been obstructed by the fraudulent alteration of the negotiable instrument and the failure of the credit reporting agencies to correct the inaccurate credit entries. **Santander**'s actions, in combination with the failure of the credit agencies to correct the erroneous information, have effectively denied Plaintiff the ability to access his financial rights, which is tantamount to **peonage** under **18 U.S.C. § 1581**.

The **Uniform Commercial Code (UCC)**, particularly **UCC § 3-419**, ensures that a negotiable instrument, once altered without the agreement of all parties, is voidable. By altering the negotiable instrument, **Santander** effectively denied Plaintiff the ability to access his rightful financial resources. The actions of **Equifax**, **Experian**, and **Trans Union** further perpetuated this denial by reporting false information, preventing Plaintiff from utilizing his legal and financial rights.

**III. THE HARM SUFFERED BY PLAINTIFF**

As a result of the Defendants' actions, Plaintiff has suffered significant harm:

1. **Trafficking into Financial Servitude and Peonage**: The fraudulent alteration of the negotiable instrument, combined with the credit agencies' failure to correct the misinformation, has forced Plaintiff into a cycle of financial obligations he never agreed to. This is a direct violation of **18 U.S.C. § 1581** (Peonage).

2. **Loss of Financial Opportunities**: The negative credit reporting has severely damaged Plaintiff's creditworthiness, resulting in denied loans, mortgages, and other financial opportunities that Plaintiff is otherwise entitled to.

3. **Emotional and Financial Distress**: The emotional toll of being forced into a fraudulent agreement, combined with the financial hardship and reputational damage, has caused Plaintiff severe emotional distress.

4. **Cost of Correcting Credit Reports**: Plaintiff has incurred substantial costs in attempting to correct his credit reports, which were harmed by fraudulent reporting.

**IV. CONCLUSION**

The fraudulent actions of **Santander Consumer USA**, **Audi Henderson**, and the **three credit reporting agencies—Equifax, Experian, and Trans Union**—have trafficked Plaintiff into a state of financial servitude and peonage. Plaintiff respectfully requests that this Court:

1. **Zero out** the fraudulent account with **Santander Consumer USA**;
2. **Return all payments** made under the fraudulent negotiable instrument;
3. **Remove all negative credit remarks** from Plaintiff's credit reports;
4. **Award compensatory damages**, punitive damages, and statutory damages under **FCRA** and **UCC**;
5. **Order the correction of Plaintiff's credit reports** and restitution for harm caused by Defendants' actions.

Plaintiff prays that this Court deny **Trans Union's Motion to Dismiss**, allowing the case to proceed to a full hearing on the merits.

**DATED this __ day of December, 2024.**

Respectfully submitted,
Robert Allen Bautista
PO Box 131385
Dallas, TX 75313-1385
702-501-9639
RBRTBTST16@GMAIL.COM