IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN BAUTISTA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:24-CV-02935-K |
| **SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION,** | § § § § | |
| **Defendants.** | § | |

### DEFENDANT SANTANDER CONSUMER USA INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT[1]

**TO THE HONORBALE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS-DALLAS DIVISION:**

**COMES NOW,** Defendant Santander Consumer USA Inc. ("SC" or "Defendant") incorrectly named as Santander Consumer USA, and files this its Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support, and respectfully shows the Court as follows:

### I.   FACTS RELEVANT TO SUIT

1.   Plaintiff is in the business of providing financing for automobile purchases. On or about October 7, 2022, Plaintiff purchased a used 2019 Audi A4 from Audi Henderson in Nevada. The contract was assigned to Santander Consumer USA Inc. (SC" or "Defendant") and it is the holder entitled to enforce, service and collect the monies due. Per the terms, Plaintiff agreed to pay SC $904.96 per month for 72 months beginning on November 17, 2022.   In order to secure payment, Defendant was provided a security interest in the subject vehicle.

---

[1] Defendant Santander Consumer USA, Inc. joins in Trans Union, LLC's Motion to Dismiss at ECF No. 12 and files this Motion to further address the claims of Plaintiff as necessary.

2. Pay history notes reveal he was an erratic payor. The last payment made was on September 17, 2024 and it was returned. As of November 27, 2024, the total payoff on the loan was $31,651.17. Plaintiff made no challenge to the validity of the contract or his obligations under same until just prior to filing of the suit. He in fact made multiple payments.

3. Instead of rectifying the balance owed, Plaintiff began bombarding Defendant with correspondence and documents, including his payment coupons, nonsensically stamped with a statement the correspondence or statement was ***"WITHOUT RECOURSE WITHOUT PREJUDICE PAY TO THE ORDER OF ROBERT ALLEN BAUTISTA"*** or the correspondence included a stamped "Medallion Guarantee". These correspondences were all prepared and sent to SC in an attempt to nonsensically seek some extinguishment of the monies due and owing to Defendant. Defendant was forced to respond all of the baseless complaints and correspondence.

4. Plaintiff, when frustrated that Defendant would not fall for the fraudulent attempts to pay the deficiency balance, filed suit in State Court on or about October 24, 2024. Defendant Trans Union LLC ("TU") timely removed and moved to dismiss the complaint. Thereafter, Plaintiff filed an amended Complaint on November 26, 2024 *See* Plaintiff's Complaint ECF No.7 and exhibits.

5. Plaintiff's Amended Complaint attempts to assert a claim for peonage and debt slavery under 18 U.S.C. §§ 1581 and 1593A and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Fair and Accurate Credit Transactions Act ("FACTA"), the Texas Securities Act, and the Uniform Commercial Code ("UCC"). *Id.*

6. However, the Complaint is devoid of any facts or cognizable legal claims upon which he can recover. For the reasons detailed herein, Defendant is entitled to an order dismissing with prejudice Plaintiff's claim in its entirety.

## II.     APPLICABLE STANDARDS

7. Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria: (1) it must assert a plausible claim; and (2) it must set forth sufficient factual allegations to support the claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)); see also *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

8. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory or when it describes "fantastic or delusional scenarios." *See Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (stating the standard for determining frivolity under Section 1915, which includes determination of whether the facts alleged are "clearly baseless," meaning that the allegations are "fanciful," "fantastic," or "delusional."). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

9. A *pro se* litigant and his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)

(quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). That said, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.   ARGUMENTS AND AUTHORITIES

**A.   Plaintiff Fails to State a Claim for Which Relief Can be Granted.**

10. The Complaint is clearly defective on its face. Plaintiff has pleaded next to no facts and contain only nonsensical allegations and fails to set forth with any specificity what Defendant did what. This violates the pleading requirements set forth under Rule 8(a)(2), which states a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "[A] *pro se* plaintiff is not excused from his 'obligation to plead specific facts . . . pursuant to Rule 8 of the Federal Rules of Civil Procedure.'" *Boswell v. Hon. Gov. of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. Sep. 19, 2000).

11. A "shotgun pleading" is a pleading with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or whichof the defendants the claims is brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24- 40194, 2024 WL 4490604, at *1 (5th Cir. Oct. 15, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). This is exactly the case here.

12. Plaintiff's Complaint fails to distinguish facts and causes of action as to each Defendant. Thus, as set forth above, the Complaint as filed, is an impermissible pleading and must be dismissed.

13. Further, the Complaint in its entirety is predicated on some nonsensical claim that SC issued a negotiable instrument *to* Plaintiff that was falsely secured and altered by way of an allonge. Plaintiff then cites to inapplicable statutes. *See* ECF No.7 at para 6. Even if we assume there was some alteration, UCC Sec. 3-119 does not support the theory advanced by Plaintiff which is the statute "prohibits unauthorized alterations of instruments". This UCC section does not stand for such a position. Additionally, Plaintiff argues, without facts, these nonsensical claims give rise to fraud as outlined in the Texas Penal Code Sec. 32.46. However, the Texas Penal Code does not provide for a private right of action. *See* Texas Penal Code generally. Further, Plaintiff reference to 18 U.S.C. §§ 1581 and 1593A are just as nonsensical as they deal with debt slavery, trafficking of persons and peonage. There is simply no way that Plaintiff's execution of a retail installment sales contract, borne out of the purchase of vehicle, is even remotely related to these statutes.

14. Further, any FCRA claim, notwithstanding the shotgun pleading approach as detailed above, fails to set forth with any certainty as to SC and how it would be liable to Plaintiff. The Complaint does nothing other than make conclusory statements and recitations of the cited statute to support the FCRA claims. Plaintiff simply states that the financial transaction was fraudulent (without detailing the fraud) and that Defendants failed to provide other notices based on allegations already dismissed above as inapplicable (e.g. allonge argument). *See* Complaint at ECF No. 7.

15. Accordingly, Plaintiff's alleged basis for legal relief is not only speculative but highly improbable. Swift dismissal is warranted to avoid further expenditure of judicial resources on a frivolous proceeding. *See Kimberly v. Kardashian*, No. 12-cv-1811, 2012 WL 2947592, at *4 (W.D. La. July 9, 2012). As Trans Union also argued, a dismissal under Rules 8(a)(2) and 10(b) is appropriate" here. *Randle v. Brown*, No. 3:23-CV-2532-E-BN, 2023 WL 8439147, at *3 (N.D. Tex. Nov. 17, 2023), *report and recommendation adopted*,

No. 3:23-CV-2532-E-BN, 2023 WL 8436058 (N.D. Tex. Dec. 5, 2023) (quoting *Weiland*, 792 F.3d at 1320–23 and *Roe v. Johnson Cnty., Texas*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *5 (N.D. Tex. July 29, 2019), *report and recommendation adopted*, No. 3:18-CV-2497-B-BN, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) ("Shotgun pleadings are subject to dismissal under Rule 12(b)(6), particularly where – as shown by the multiplicity of claims here – 'the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.'")). Accordingly, this Court should grant SC's motion to dismiss.

**C.   A Pleading Amendment Would Be Futile.**

16.   The decision to allow pleading amendment is within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). The Supreme Court and the Fifth Circuit have enumerated factors which allow for the denial of a motion to amend, including undue delay, bad faith, repeated failure to cure deficiencies, and futility of amendment. *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res.Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). "Granting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

17.   Plaintiff's claims against Defendant should be dismissed with prejudice because, as demonstrated above, Plaintiff cannot plead plausible claims for relief against SC despite his amendments and, as a result, any further amendment to the Complaint would be futile. Plaintiff cannot manipulate the facts here to state a valid claim. In fact, Plaintiff's case remains predicated on his mere conjecture that the self-creation of a negotiable instrument tendered to SC as a recognized form of payment is sufficient to extinguish his obligation under the contract and balance owed.

18. This is nothing but an attempt plaintiff to shirk his contractual obligations by way of a poorly drafted complaint. Given the lack of any cause of action as to SC, Plaintiff's pleading deficiencies cannot be cured by any further. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561–62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations) (citation omitted). Accordingly, this Court should grant Defendant's Motion in its entirety and dismiss the claims with prejudice.

## IV.   CONCLUSION

19. As stated above, Plaintiff has failed to allege sufficient factual allegations nor a plausible claim, and as such has failed to state a claim for which relief can be granted. Accordingly, the Court must dismiss Plaintiff's claim in its entirety with prejudice.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Santander Consumer USA Inc. prays that this Court grant its motion to dismiss, dismiss this matter with prejudice due to Plaintiff's failure to state a claim upon which relief can be granted, Plaintiff take nothing by way of his cause of action herein, that Defendant recover its costs herein expended and for such other an further relief, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:   */s/ Brent W. Martinelli*
     **BRENT W. MARTINELLI**
     State Bar No. 24037037

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone:  (214)754-8755
Facsimile:  (214)754-8744
Email:  brent.martinelli@qpwblaw.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 7, 2025, a true and correct copy of the foregoing document was served the Court's ECF filing system to the following parties:

Robert Allen Bautista
rbrtbtst16@gmail.com
P.O. Box 131385
Dallas, TX 75313

Heliane Fabian
hfabian@qslwm.com
Jared Widenbaum
jwidenbaum@qslwm.com
QSLWM
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024

     */s/ Brent W. Martinelli*
     **BRENT W. MARTINELLI**