IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT ALLEN BAUTISTA™**,
Plaintiff,
v.                                                                                          Case No. 3:24-cv-2935-K-BN
**SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION**,
Defendants.

---

**PLAINTIFF'S RESPONSE TO ORDER DENYING MOTIONS**

TO THE HONORABLE DAVID L. HORAN, UNITED STATES MAGISTRATE JUDGE:

COMES NOW, Plaintiff, ROBERT ALLEN BAUTISTA™, and respectfully submits this Response to the Court's January 13, 2025 Order (Dkt. No. 21) denying Plaintiff's motions regarding discovery and sanctions. Plaintiff seeks to address the Court's concerns and present the legal basis for reconsidering the denial of sanctions, as well as to request the reversal of the order.

**1. Plaintiff Did Confer with Counsel on January 9, 2025**

Plaintiff respectfully notes that he did confer with counsel on January 9, 2025, prior to submitting any further motions. This conference included discussions regarding the issues surrounding discovery and the ongoing conduct of Defendants in this matter. Such communication was part of Plaintiff's due diligence in ensuring the proper procedures were followed, and that the issues were presented to the Court in a thorough manner.

**2. Clarification Regarding Docket 19 Request**

Plaintiff respectfully clarifies that the motion filed at Docket No. 19 was not intended as a request for immediate discovery. Rather, the request was solely meant to serve as an exhibit or formal request to initiate the discovery process. Plaintiff's intention was to provide formal notice to the Court, Judge, and Defendants of their obligations to provide discovery documents as required by the Federal Rules of Civil

Procedure. This was not a request for expedited discovery, but rather a step to ensure that all parties, including the Court, are aware of the requirements and obligations for disclosure as the case progresses.

### 3. Basis for Imposing Sanctions

Plaintiff respectfully submits that Defendants have not provided an adequate defense against the allegations brought forth in this case. Instead, they have resorted to disparaging statements intended to slander and discredit Plaintiff, rather than addressing the merits of the claims. This failure to present a substantive defense against Plaintiff's allegations, coupled with repeated efforts to deflect through slanderous conduct, constitutes a bad faith attempt to prevent Plaintiff from obtaining a remedy.

This pattern of behavior is not only troubling but indicative of a purposeful strategy to impede Plaintiff's pursuit of justice. Defendants' actions demonstrate a calculated effort to frustrate the legal process, and such conduct should not be allowed to continue unaddressed.

### 4. Legal Grounds for Sanctions and Reversal of the Order

Plaintiff respectfully argues that under the **Federal Rules of Civil Procedure**, specifically **Rule 11(b)**, Defendants' conduct in failing to provide legitimate defenses while resorting to disparagement and delay warrants sanctions. Rule 11(b) prohibits parties from asserting claims, defenses, or motions for improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Further, **28 U.S.C. § 1927** provides that any attorney or party who unreasonably and vexatiously multiplies the proceedings may be required to pay the excess costs, expenses, and attorney's fees incurred due to such conduct. Defendants' continued refusal to properly respond to Plaintiff's claims and their attempts to shift focus to irrelevant matters are examples of such conduct.

**Case law** supports the imposition of sanctions in situations where defendants engage in bad faith conduct. In **Cameron v. Aetna Life Insurance Co., 860 F.2d 1514 (5th Cir. 1988)**, the Fifth Circuit affirmed the imposition of sanctions for conduct that undermined the judicial process and delayed the resolution of the

case. Similarly, **Toler v. P.S. Thomas, Inc., 692 F.3d 713 (5th Cir. 2012)**, established that courts may impose sanctions to deter dilatory and bad faith conduct.

Plaintiff submits that this case similarly warrants such sanctions, given Defendants' repeated attempts to frustrate and delay the resolution of the case without presenting actual defenses to Plaintiff's claims. The repeated failure to respond substantively and the attempts to shift the focus to irrelevant issues constitute bad faith conduct that undermines the integrity of the judicial process.

### 5. Request for Reversal of the Order

Plaintiff respectfully requests that the Court reconsider its January 13, 2025 Order, specifically the denial of sanctions and discovery motions, and reverse that Order. As detailed above, Defendants' actions amount to bad faith, and Plaintiff has demonstrated a sufficient legal basis for sanctions, as well as for proceeding with discovery. Denying Plaintiff these remedies not only permits the defendants to avoid accountability but also frustrates the Plaintiff's ability to obtain justice.

Plaintiff requests that the Court impose appropriate remedies to address Defendants' conduct and allow the case to proceed on its merits without further hindrances caused by bad faith delay tactics.

### 6. Conclusion

For the reasons outlined above, Plaintiff respectfully requests that the Court reconsider the Order denying sanctions and discovery motions, reverse the denial of Plaintiff's motion for sanctions, and impose appropriate remedies as warranted by Defendants' bad faith conduct. Plaintiff further requests that the Court take into account the repeated efforts by the Defendants to slander and impede the judicial process, and allow the case to proceed on its merits.

Plaintiff remains committed to pursuing justice in this matter and respectfully requests the Court to grant the relief sought in this Response.

**Respectfully submitted**,

**WITHOUT RECOURSE**
**WITHOUT PREJUDICE**
**ROBERT ALLEN BAUTISTA™**
**By: Bautista, Robert-Allen / Agent**
Robert Allen Bautista / Attorney-In-Fact