IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2935-K-BN |
| | § | |
| SANTANDER CONSUMER USA, AUDI HENDERSON, EQUIFAX INC., EXPERIAN CORPORATION, and TRANSUNION, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On November 22, 2024, Defendant Trans Union LLC, with the consent of Defendant Santander Consumer USA, removed Plaintiff Robert Allen Bautista's *pro se* lawsuit from a Dallas County state court. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On March 3, 2025, Bautista moved to remand this case to state court, admitting that his "case was filed under 15 U.S.C. § 1681 (Fair Credit Reporting Act)" and that "the cause of action is based on a federal question under" Section 1681 but arguing that remand is required because "this removal was improper, fraudulent, and without merit, as the case was filed in a Texas State Court, and the requirements for federal jurisdiction under the removal statute have not been met." Dkt. No. 44.

For the following reasons, the Court should deny the motion to remand and

warn Bautista that further frivolous filings in this action could subject him to sanctions.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand … must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c).

But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Confusingly, Bautista seems to argue both that this removal violated the statute and that there is not subject matter jurisdiction. And the crux of his argument is that "the jurisdictional scope of 28 U.S.C. § 1442 does not extend to state courts like Texas," Dkt. No. 44 at 2, because Texas falls outside of 28 U.S.C. § 1442(d)(6), which defines "[t]he term 'State court' to "include[] the Superior Court of the District

of Columbia, a court of a United States territory or insular possession, and a tribal court."

This argument is frivolous. Section 1442 applies to the removal of "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to" a federal officer or agency, 28 U.S.C. § 1442(a), and, so, that section of the removal statute does not apply to this case.

And, because Bautista otherwise fails to show that there is not subject matter jurisdiction, the Court should deny the motion to remand.

Further, the Court possesses inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Under this authority, the Court should warn Bautista that filings such as this baseless motion to remand do not further the orderly and expeditious disposition of this case, so further frivolous filings in this lawsuit could subject him to sanctions, which could include monetary penalties or the dismissal of this lawsuit.

## Recommendation

The Court should deny Plaintiff Robert Allen Bautista's motion to remand [Dkt. No. 44] and issue an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE