IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT ALLEN BAUTISTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-2935-K-BN |
| § | |
| SANTANDER CONSUMER USA, AUDI § | |
| HENDERSON, EQUIFAX INC., § | |
| EXPERIAN CORPORATION, and § | |
| TRANSUNION, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

After Plaintiff Robert Allen Bautista's *pro se* lawsuit was removed from a Dallas County, Texas state court, United States District Judge Ed Kinkeade referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Once in federal court, Bautista filed a timely amended complaint as a matter of course in response to Defendant Trans Union LLC's motion to dismiss. *See* Dkt. No. 7; FED. R. CIV. P. 15(a)(1)(B).

This pleading remains the operative complaint. And Trans Union, along with Defendants Santander Consumer USA Inc. and Findlay Diguilio LLC, have moved to dismiss it for various reasons, including under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim on which relief can be granted. *See* Dkt. Nos. 12, 17, & 30.

The motions to dismiss were briefed. Bautista then moved for leave to file a

surreply, *see* Dkt. Nos. 34 & 35, and, without obtaining leave, made two filings [Dkt. Nos. 42 & 43], which Defendants interpret as unauthorized surreplies and move to strike, *see* Dkt. No. 47.

For the following reasons, the Court should deny Bautista leave to file a surreply, strike his unauthorized surreplies, grant the motions to dismiss, and dismiss this lawsuit with prejudice.

## Discussion

The operative complaint in this case is full of conclusory assertions and citations to the Uniform Commercial Code ("UCC") and various state and federal laws – many of which fail to afford a private right of action.

But that pleading is devoid of factual content that could allow the Court to reasonably infer that any defendant is liable for any misconduct alleged.

So no claim that Bautista currently advances is facially plausible. And – particularly considering the filings that Bautista has made throughout this case – prolonging this lawsuit by granting leave to amend would be futile, so the Court should dismiss this lawsuit with prejudice.

But the Court should first address Bautista's attempts to file surreplies.

> "[N]either the local rules of [this district] court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right." *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012); *see also* N.D. TEX. LOC. CIV. R. 7.1. Because the rules do not provide for surreplies as a matter of right, the district court only accepts such filings "in exceptional or extraordinary circumstances." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem.).

*Gezu v. Charter Commc'ns*, 17 F.4th 547, 555-56 (5th Cir. 2021).

"The restrictions against surreplies and against new arguments raised for the first time in a reply brief are imposed by the court and may not be waived by the parties," and "[t]he court will not permit the parties to continue arguing the merits beyond the scope provided for in the local rules, absent exceptional circumstances, no matter how much they wish to do so." *Lacher*, 147 F. Supp. at 540 n.2.

Bautista did not obtain leave to file a surreply. And neither his motions for leave nor the unauthorized filings that count as surreplies "identify new issues, theories, or arguments that [Defendants] raised for the first time in [their] reply brief[s] or attempts [by Defendants] to present new evidence at the reply stage." *Horton v. Med-Sense Guaranteed Ass'n*, No. 3:20-cv-3470-L-BN, 2021 WL 3832830, at *3 (N.D. Tex. Apr. 6, 2021) (citations omitted).

The Court should therefore deny Bautista leave to file a surreply and grant the motions to strike the filings that are rightfully considered to be unauthorized surreplies.

Turning to the motions to dismiss, when considering dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*;

*Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

And "[t]he broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords an aggrieved party the opportunity to respond to show how claims may be amended to allege a plausible cause of action. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969,

- 5 -

at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (per curiam).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

"Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) (citations omitted).

As to futility, "[i]f the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

In this regard, the Court must "ask whether, in [a] proposed amended complaint, [the plaintiff] has pleaded 'factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678); *cf. Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) ("Where the district court's denial of leave to amend was based solely

on futility, [the United States Court of Appeals for the Fifth Circuit] applies a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." (cleaned up)).

To start, this lawsuit was properly removed to federal court because Bautista pleaded a claim under the Fair Credit Reporting Act ("FCRA"), a federal statute. *Cf. Bautista v. Santander Consumer USA*, No. 3:24-cv-2935-K-BN, 2025 WL 906779 (N.D. Tex. Mar. 4, 2025), *rec. accepted*, 2025 WL 906231 (N.D. Tex. Mar. 25, 2025) (denying motion to remand and warning Bautista "that frivolous filings, like his motion to remand, prevent the orderly and expeditious disposition of this case and that his filing further frivolous motions in this lawsuit could result in sanctions, which could include monetary penalties or the dismissal of this action").

Bautista still invokes the FCRA in the amended complaint. *See generally* Dkt. No. 7. But he also appears to assert claims under (or claims that implicate) various other federal statutes, including the Securities and Exchange Act of 1934 (the "1934 Act"), several provisions in Title 18 of the United States Code, and the FACTA (or the Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681c(g)). Bautista similarly raises various provisions of the UCC and the Texas Penal Code. And he cites to the Texas Securities Act.

But a private right of action is required to afford Bautista a right to recover under any statute that he invokes. *See, e.g., Patterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602-O-BH, 2009 WL 4884151, at *3 (N.D. Tex. Dec. 15, 2009) ("When a private citizen relies on a federal statute as a basis for federal question jurisdiction,

that statute must expressly or implicitly provide a private cause of action or else a federal court will not have subject matter jurisdiction to hear the dispute." (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986))).

And, with the right factual support, both the 1934 Act and the FACTA can provide a private right of action. *See, e.g.*, *Huff v. Shandy's Cafe, LLC*, Civ. A. No. H-11-3549, 2011 WL 5591590, at *1 (S.D. Tex. Nov. 16, 2011) ("While the FACTA provides the basis for plaintiff's claim, the [FCRA] provides the right to sue: 'Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer....' 15 U.S.C. § 1681n. *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347 (N.D. Ill. 2009) ('FACTA does not contain a separate provision establishing a private cause of action; the right to sue is granted under the FCRA').").

But, absent citations to a particular state law modeled on the UCC that also affords a private right of action, Bautista has not shown that he may bring a claim under the UCC itself. *Cf. Sells v. Flagstar Bancorp Inc.*, Nos. 1:24-CV-705-RP & 1:24-CV-608-RP, 2025 WL 284224, at *4 (W.D. Tex. Jan. 7, 2025) ("[T]he UCC provisions relied upon by Plaintiff provide defenses to judicial enforcement of a note, and do not give rise to a private right of action. For these reasons, the Court dismisses Plaintiff's UCC claim.").

And Bautista fares no better to the extent that he invokes federal and state criminal statutes. *See, e.g.*, *Lewis v. LVNV Funding, LLC*, Civ. A. No. 24-322-JWD-EWD, 2024 WL 4280942, at *1 n.4 (M.D. La. Sept. 24, 2024) ("Lewis also references

several statutes in Title 18 of the United States Code, which are federal crimes and do not provide Lewis with a private cause of action." (citations omitted)); *Adams v. City of Taft*, No. 2:22-CV-00218, 2023 WL 2695398, at *4 (S.D. Tex. Feb. 8, 2023) ("[The Texas Penal Code does not create a private right of action," and, so, a claim under it must "be dismissed as it fails to state a viable claim for relief." (citation omitted)), *rec. adopted*, 2023 WL 2695118 (S.D. Tex. Mar. 9, 2023); *cf. Tummel v. Milane*, 787 F. App'x 226, 227 (5th Cir. 2019) (per curiam) ("Here, the Tummels do not allege that any underlying tort was committed, and they concede that none of the criminal statutes at issue creates a private right of action. The district court was therefore correct to dismiss their complaint.").

More importantly, regardless of the law that Bautista may assert a right to bring a claim under, no factual allegations in the operative complaint are more than legal conclusions or conclusory assertions, such that those allegations are entitled to a presumption of truth at this stage, to advance Bautista's claims (regardless their labels) from possible to plausible.

Take one example. The FCRA affords a private right of action. But, to support a claim under the FCRA, Bautista offers these three sentences: "Accessing and using Plaintiff's personal financial information without authorization or permissible purpose"; "Failing to provide proper notice to Plaintiff of adverse actions based on unauthorized use of credit information"; "Neglecting to safeguard Plaintiff's financial information, which led to further exploitation under the altered negotiable instrument." Dkt. No. 7 at 3-4.

In sum, the motions to dismiss should be granted under Rule 12(b)(6) and all claims that Bautista may make in the operative complaint against all defendants named in that pleading (regardless of whether they have appeared or not) should be dismissed. And, to the extent this effects a *sua sponte* dismissal, Bautista is now on notice and may respond to this recommended disposition through timely objections. *See Carver*, 18 F.4th at 498; *Starrett*, 2018 WL 6069969, at *2.

And, considering the record before the Court, Bautista has demonstrated that not dismissing his claims with prejudice now – after he stated his "best case" by filing an amended complaint in response to a motion to dismiss that "apprised [him] of pleading deficiencies" – and allowing his lawsuit to proceed "would be an exercise in futility." *Allen*, 2025 WL 484818, at *13; *compare, e.g.*, Dkt. No. 17 at 2 (brief in support of Santander's motion to dismiss providing factual content lacking from the operative complaint: "Instead of rectifying the balance owed [on his automobile financing purchase agreement], Plaintiff began bombarding Defendant with correspondence and documents, including his payment coupons, nonsensically stamped with a statement the correspondence or statement was 'WITHOUT RECOURSE WITHOUT PREJUDICE PAY TO THE ORDER OF ROBERT ALLEN BAUTISTA' or the correspondence included a stamped 'Medallion Guarantee.'" (cleaned up)), *with Moore v. JP Morgan Chase*, No. 24-11075, 2025 WL 1514115, at *1 (5th Cir. May 27, 2025) (per cuiram) (affirming district court's denial of leave to amend as futile and dismissal of a lawsuit where *pro se* plaintiff "submitted payment for a loan in the form of an endorsed payment bill that he created. In other words,

Moore tried to pay without money." (citation omitted)).

## Recommendation

The Court should deny the motion for leave to file a surreply as amended [Dkt. No. 34 & 36], grant the motion to strike the unauthorized surreplies [Dkt. No. 47], grant the motions to dismiss the amended complaint [Dkt. Nos. 12, 17, & 30], and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE