IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

**ROBERT ALLEN BAUTISTA™, et al.**,
Plaintiff,
v.
**SANTANDER CONSUMER USA, et al.**,
Defendants.
Civil Action No. 3:24-cv-02935-K-BN

---

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION [DOC. 51] AND MOTION TO DECLARE ALL ORDERS AND FINDINGS VOID AB INITIO DUE TO BIAS UNDER 28 U.S.C. §§ 144 AND 455**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff **ROBERT ALLEN BAUTISTA™**, by and through undersigned counsel, respectfully submits this formal **objection** to the Findings, Conclusions, and Recommendation issued by Magistrate Judge David L. Horan on July 10, 2025 [Doc. 51], and moves this Court to declare all prior orders and recommendations issued by Judge Horan **void ab initio** due to demonstrable bias and prejudicial conduct, in violation of **28 U.S.C. §§ 144 and 455**.

---

**I. OBJECTION PURSUANT TO FED. R. CIV. P. 72(b)**

Plaintiff formally objects to Judge Horan's Findings and Recommendation (Doc. 51), which recommend dismissal of this matter with prejudice, denial of Plaintiff's motions, and striking of Plaintiff's replies. Plaintiff incorporates this filing as a timely objection under **Fed. R. Civ. P. 72(b)** and requests de novo review by the District Court.

---

**II. MOTION TO DECLARE ALL ORDERS VOID DUE TO JUDICIAL BIAS**

Plaintiff also moves under **28 U.S.C. § 144** and **28 U.S.C. § 455** to disqualify Magistrate Judge David L. Horan from further participation in this matter and to declare **all prior rulings, findings, and recommendations void ab initio**.

A. Legal Standard for Recusal

Under **28 U.S.C. § 144**, where a party files a timely affidavit stating facts showing that the assigned judge has a personal bias or prejudice against the party, the judge must be disqualified. The standard under **United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985)**, is clear: Section 144 "requires only that the affidavit state facts and the reasons for the belief that bias or prejudice exists."

Further, under **28 U.S.C. § 455(a)**, any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under **§ 455(b)(1)**, disqualification is also required where the judge has a personal bias or prejudice concerning a party.

B. Prior Recusals for Prejudice

Plaintiff is informed and believes that Judge David Horan has previously been **recused or removed from two separate cases** due to conduct involving **prejudicial statements or biased behavior**, which raises serious and reasonable questions about his impartiality.

In this case, Judge Horan has shown a **consistent pattern of adverse rulings** against Plaintiff—denying discovery, denying motions to compel, and issuing orders with summary dismissals—**before a Rule 26(f) conference even occurred**. These rulings reflect not only a **denial of Plaintiff's rights to due process and discovery**, but also raise concerns about bias against a pro se litigant asserting consumer protection claims.

### C. Procedural History Demonstrating Prejudice

Throughout the docket, Plaintiff has attempted in good faith to pursue discovery to substantiate claims of FCRA violations and fiduciary misconduct, including:

- Dkt. 10 & 13: Motion and Amended Motion to Compel Discovery
- Dkt. 16, 18, 19: Timely responses and requests for evidence
- Dkt. 20: Motion for Sanctions based on alleged bad faith
- Dkt. 22: Objection to denial of motions
- Dkt. 44: Motion to Remand due to fraudulent removal
- Dkt. 46: Objection to findings on remand motion

Despite Plaintiff's repeated efforts to engage in discovery and develop a factual record, Judge Horan **denied nearly every motion without hearing or evidentiary support**, dismissing legitimate claims and ignoring requests for procedural fairness.

This behavior has effectively **shielded Defendants from accountability**, and now culminates in **Doc. 51**, which recommends **dismissal with prejudice**, a drastic sanction without factual findings from discovery. The cumulative effect evidences **bias**, or at a minimum, the appearance thereof—warranting immediate recusal and vacatur of all rulings.

---

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

1. **Sustain Plaintiff's Objection** to the Findings and Recommendation entered July 10, 2025 (Doc. 51);

2. **Declare all prior orders, findings, and recommendations issued by Magistrate Judge Horan in this case void ab initio** due to bias and lack of impartiality;

3. **Disqualify Magistrate Judge Horan** from further involvement in this case pursuant to **28 U.S.C. §§ 144 and 455**;

4. **Reassign this matter to a different magistrate judge or refer all future rulings directly to the District Court**;

5. **Grant Plaintiff leave to amend his complaint** and conduct discovery; and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

WITHOUT RECOURSE
WITHOUT PREJUDICE
FOR: ROBERT ALLEN BAUTISTA™
BY: Bautista, Robert-Allen / Agent
-------------------------------
Robert Allen Bautista / Attorney-In-Fact
