IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2935-K |
| | § | |
| SANTANDER CONSUMER USA, AUDI | § | |
| HENDERSON, EQUIFAX INC., | § | |
| EXPERIAN CORPORATION, and | § | |
| TRANSUNION, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On August 5, 2025, the Court accepted the magistrate judge's findings, conclusions, and recommendation and entered judgment dismissing the amended complaint—and this lawsuit—with prejudice under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 51-55.

Less than 28 days later, Plaintiff moved for relief under Federal Rule of Civil Procedure 59(e), arguing that he submitted an affidavit and so the Court was required to invoke Federal Rule of Civil Procedure 12(d) and clearly erred when it did not, *see* Dkt. No. 56; *id.* at 2 ("Plaintiff submitted a sworn affidavit containing material facts, including the existence of a tacit agreement between the parties—directly relevant to the viability of Plaintiff's legal claims. The affidavit was attached to the Plaintiff's reply to the motion to dismiss and reiterated in Plaintiff's objection to the magistrate judge's findings. The Defendants did not contest or address the affidavit. The magistrate judge

recommended dismissal under Rule 12(b)(6), and the district court adopted the recommendation in full. The Court did not exclude the affidavit, did not convert the motion to summary judgment under Rule 12(d), and did not address the affidavit in any way." (cleaned up)).

The Court DENIES the Rule 59(e) motion for the following reasons.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a [Rule] 59(e) motion if it is filed within the applicable 28-day time limit." (citations omitted)).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). And a litigant "improperly invokes Rule 59(e) to rehash matters that have been thoroughly considered and rejected by the court." *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

Plaintiff's argument for relief under Rule 59(e) is frivolous, and, so, he fails to

show that the Court should correct a manifest error of law or fact under that rule. *See Rollins*, 8 F.4th at 396; *Demahy*, 702 F.3d at 182.

First, to the extent that Plaintiff first submitted his affidavit through a reply brief, the Court was not required to consider it. *See, e.g., Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) ("[W]hen a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." (citations omitted)).

Regardless, Plaintiff is mistaken that the Court was required to affirmatively raise Rule 12(d) because he decided to provide evidence through the briefing ordered as to the Rule 12(b)(6) motion.

That is because, when the Court is presented as part of a Rule 12(b)(6) or 12(c) motion with matters outside the pleadings, Rule 12(d) gives the Court "complete discretion" either (1) to disregard the materials or (2), provided that the Court gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion," to accept and consider them in treating the motion as one for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(d); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988).

The Court exercises this discretion by determining whether the proffered material, and the resulting conversion from Rule 12(b)(6) or 12(c) to Rule 56, is likely

to facilitate disposing of the action. *Isquith*, 847 F.2d at 193 n.3.

But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Here, the Court exercised its discretion to disregard Plaintiff's affidavit. As the magistrate judge's findings, conclusions, and recommendation reflects, there was no need to consider matters outside the pleadings to facilitate the disposition of this action.

SO ORDERED.

Signed August 20th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE